## STATE v. GILLESPIE.

No. 11356—Opinion Filed April 5, 1921.

(Syllabus.)

**1. Taxation—Income Taxes—Validity of Statute.**

The validity of the "income tax," provided for in chapter 164, Sess. Laws 1915, as distinguished from a general ad valorem tax, is sustained.

**2. Same—Liability of Lessee's Share of Oil Production on Restricted Land.**

The validity of the "income tax," provided for in chapter 164, Sess. Laws 1915, as applied to the lessee's private share of oil and gas produced under departmental lease on restricted lands, is sustained on authority of In re Protest of Skelton Lead & Zinc Co., No. 11194, this day decided.

Kane and Miller, JJ., dissenting.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

From judgment exempting F. A. Gillespie from paying certain income taxes, the State of Oklahoma brings error. On rehearing, reversed.

S. P. Freeling, Atty. Gen., and C. W. King, Asst. Atty. Gen., for plaintiff in error.

Jas. P. Gilmore, for defendant in error.

HARRISON, C J. This case is here upon appeal from the district court by the state of Oklahoma through its Attorney General. The decisive questions involved are: (1) Whether the income tax laws of this state are valid; and (2) whether the state has power to levy such a tax upon incomes derived from the lessees' private personal share of oil and gas produced under departmental leases upon restricted Indian lands.

As to the validity of an income tax in the abstract, as distinguished from a general ad valorem tax upon property, the validity of such tax has been so often sustained as to settle the question. See: Alderman v. Wells (S. C.) 67 S. E. 781; 27 L. R. A. (N. S.) 864-5, and notes; Tyee Realty Co. v. Anderson—Thorn v. Anderson (Consolidated), 240 U. S. 115, 60 L. Ed. 554-5; Peck & Co. v. Lowe, 247 U. S. 165-172, 62 L. Ed. 1049; North-

western Mutual Life Ins. Co. v. State of Wisconsin (U. S.) 62 L. Ed. 1035; State v. Frear (Wis.) 134 N. W. 637, 26 Am. & Eng. Ann. Cas. 1147; Black on Income Taxes, sec. 187; and Shaffer v. Carter, 252 U. S. 37, wherein it was held, not only that the income tax of Oklahoma was not a burden upon interstate commerce, but also that the "gross production tax" of Oklahoma was equivalent to an **ad valorem** "property tax." Upon these authorities, and the provisions of article 10, sec. 12, Constitution of Oklahoma, chapter 164, Sess. Laws 1915, and the validity of the income tax therein levied, are sustained.

As to the second proposition, the question of validity of the precise tax here involved, depends primarily upon the validity of the "gross production tax," provided for in chapter 39, Sess. Laws 1916, as applied to the lessees' private share of the products from departmental leases upon restricted lands, and, the "gross production tax" being a "property tax," as was held by the Supreme Court of the United States in Shaffer v. Carter, supra, the validity of which, as a "property tax" upon the same class of property here involved, was sustained by this court at this term in In re Protest of Skelton Lead & Zinc Co., No. 11194, 81 Okla. 134, 197 Pac. 495, then, upon the authority of said cases and the reason therein given the validity of the income tax involved herein is sustained.

The judgment of the trial court is reversed, with instructions to render judgment sustaining said tax and authorizing execution for the collection of same with costs of suit.

Justices KANE and MILLER dissent; all other Justices concur.