## TYEE REALTY COMPANY *v.* ANDERSON, COLLECTOR OF INTERNAL REVENUE.

## THORNE *v.* SAME.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF NEW YORK.

Nos. 393, 394. Argued October 14, 15, 1915.—Decided February 21, 1916.

*Brushaber* v. *Un. Pac. R. R., ante,* p. 1, followed to effect that the Income Tax provisions of the Tariff Act of 1913 are not unconstitutional either because not sanctioned by the Sixteenth Amendment and otherwise beyond the general taxing power of Congress, or because of its retroactive operation for a designated period, or because of discriminations, inequalities or progressive increases on incomes of individuals or the method provided for computing income of corporations.

THE facts, which involve the constitutionality and construction of the Income Tax Law of 1913, are stated in the opinion.

*Mr. Julien T. Davies,* with whom *Mr. Brainard Tolles, Mr. Garrard Glenn* and *Mr. Martin A. Schenck* were on the brief, for plaintiffs in error:

The effect of the Sixteenth Amendment was merely to waive the requirement of apportionment among the States in its application to a general and uniform tax upon incomes from whatever source derived. The Income Tax Law of 1913, except in so far as the tax thereby imposed is in reality such a general and uniform tax on incomes, derives no support from the Sixteenth Amendment.

In its progressive feature, the statute classifies persons according to their wealth in a manner which is both arbitrary and unreasonable.

In the light of its history, it is clear that the Sixteenth Amendment does not sanction progressive taxation.

Under the views which this court has expressed in other

cases involving similar principles, the discrimination effected by the present statute violates the express provisions of the Constitution.

So much of § 2 of the Act of October 3, 1913, as limits the interest which may be deducted in ascertaining the taxable income of a corporation to the interest accrued and paid within the year on an amount of indebtedness not exceeding one-half of the sum of its interest-bearing indebtedness and its paid-up capital stock, is invalid. The discrimination is unwarranted by the Sixteenth Amendment. The tax does not rest upon income in the true sense of the word. The classification is arbitrary and unreasonable.

The discriminations which the statute effects, in regard to the progressive features of the tax, are illustrated by the exemptions which it allows.

Inasmuch as a large amount of the taxed income actually accrued to and was received by the plaintiff prior to October 3, 1913, the date of the adoption of the statute, and there was no competent evidence before the Commissioner that any income whatever had been received by the plaintiff subsequent to that date, the statute is not justified by the Sixteenth Amendment, and the tax was illegally collected.

Numerous authorities sustain the contentions of plaintiff in error.

*The Solicitor General* and *Mr. Assistant Attorney General Wallace* for defendant in error.[1]

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

Both the plaintiffs in error, the one in 393 a corporation and the other in 394 an individual, paid under protest

_____
[1] For abstract of argument in this and other cases argued simultaneously herewith, see p. 5, *ante.*

to the Collector of Internal Revenue, taxes assessed under the Income Tax section of the Tariff Act of October 3, 1913 (§ II, ch. 16, 38 Stat. 166). After an adverse ruling by the Commissioner of Internal Revenue on appeals which were prosecuted conformably to the statute (Rev. Stat., §§ 3220, 3226) by both the parties for a refunding to them of the taxes paid, these suits were commenced to recover the amounts paid on the ground of the repugnancy to the Constitution of the section of the statute under which the taxes had been collected, and the cases are here on direct writs of error to the judgments of the court below sustaining demurrers to both complaints on the ground that they stated no cause of action.

Every contention relied upon for reversal in the two cases is embraced within the following propositions: (a) that the tax imposed by the statute was not sanctioned by the Sixteenth Amendment because the statute exceeded the exceptional and limited power of direct income taxation for the first time conferred upon Congress by that Amendment and, being outside of the Amendment and governed solely therefore by the general taxing authority conferred upon Congress by the Constitution, the tax was void as an attempt to levy a direct tax without apportionment under the rule established by *Pollock* v. *Farmers' Loan & Trust Co.*, 157 U. S. 429; 158 U. S. 601. (b) That the statute is moreover repugnant to the Constitution because of the provision therein contained for its retroactive operation for a designated time and because of the illegal discriminations and inequalities which it creates, including the provision for a progressive tax on the income of individuals and the method provided in the statute for computing the taxable income of corporations.

But we need not now enter into an original consideration of the merits of these contentions because each and all of them were considered and adversely disposed of in *Brushaber* v. *Union Pacific R. R.*, *ante*, p. 1. That case,

therefore, is here absolutely controlling and decisive. It follows that for the reasons stated in the opinion in the *Brushaber Case* the judgments in these cases must be and they are

*Affirmed.*

MR. JUSTICE McREYNOLDS took no part in the consideration and decision of these cases.