SAL JOHN CARDINALLI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cardinalli v. Commissioner
Docket No. 6478-78.
United States Tax Court
T.C. Memo 1979-462; 1979 Tax Ct. Memo LEXIS 64; 39 T.C.M. (CCH) 514; T.C.M. (RIA) 79462; November 21, 1979, Filed Sal John Cardinalli, pro se. Gerald J. Beaudoin, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1976 in the amount of $43. [1] Petitioner in his petition contested this deficiency and claimed a refund of $2,631, the entire amount of income tax which he had paid for the year 1976. The only grounds assigned by petitioner for contesting the deficiency determined by respondent and for claiming a refund *65 of taxes paid are the following: (a) Petitioner's income was derived from the inalienable "right to work", and said income is therefore not subject to a federal income tax; and as an absolutely indispensable requirement to refute this claim respondent must show that petitioner's income is a proper subject of an inland impost or excise tax. (b) Petitioner is a person who was not required to file a federal income tax return and not required to pay a federal income tax for the calendar year in question. When this case was called for trial on *66 September 17, 1979, at San Francisco, California, respondent filed a Motion for Summary Judgment alleging that petitioner stated no grounds which if proved would show error in the deficiency as determined or entitled petitioner to a refund of any part of the taxes he had paid for 1976. The issues for decision are: (1) whether the compensation received by a natural person is properly subject to a Federal income tax and (2) did petitioner receive income within the meaning of the 16th Amendment to the Constitution of the United States. Petitioner, an individual who resided in San Rafael, California, at the time of the filing of his petition in this cae, filed a Federal income tax return for the calendar year 1976 reporting $15,752 as wages or salary and $20 as dividends. Attached to petitionerhs return is a Form W-2 showing that in 1976 petitioner received compensation from the County of Marin of $15,752. Petitioner on his return computed his tax by use of a standard deduction of $2,524 (16% of $15,772). Respondent in the Notice of Deficiency corrected the claimed standard deduction to $2,400 since petitioner filed his return as a single person. At the hearing petitioner conceded *67 that $2,400 was the maximum amount of standard deduction to which a single individual was entitled for 1976. He however argued that he had no taxable income for the calendar year 1976. Petitioner in his brief argues two points.The first is that since his salary of $15,752 was compensation received from the exercise of his common law "right to work" and did not involve a government granted privilege "from whence a federal excise tax may be measured", an excise tax on his salary burdens his liberty and is therefore unsustainable for want of due process. Petitioner's second contention is that compensation for services or labor performed is not income since it does not represent an actual profit or gain but rather is received in exchange for a portion of an individual's freedom or liberty. Petitioner cites numerous cases which he contends support his position that a Federal income tax is an excise tax and as an excise tax cannot be applicable to wages or salary for personal services. In support of his second contention, petition relies on the following definition of income in Eisner v. Macomber,252 U.S. 189, 207 (1920): The gain derived from capital, from labor, *68 or from both combined, provided it be understood to include profits gained through sale or conversion of capital assets.
Petitioner cites a number of cases quoting the above statement from Eisner v. Macomber,supra. Petitioner argues that wages received from personal services by an individual are not a gain from capital or labor since the gain from labor contemplated by the Supreme Court refers to the gain or profit derived from contracting the services or labors of employees. Soon after the promulgation of the 16th Amendment to the Constitution numerous challenges to the income tax laws were raised on constitutional grounds. The Supreme Court held that the income tax law enacted in 1913 following the adoption of the 16th Amendment was constitutional. This law levied taxes on salaries and wages received by individuals as well as taxing other income items both of corporations and individuals. Brushaber v. Union Pacific R.R. Co.,240 U.S. 1 (1916); Tyee Realty Co. v. Anderson,240 U.S. 115 (1916). In the much more recent case of Autenrieth v. Cullen,418 F.2d 586 (9th Cir. 1969) the Court upheld the right *69 of Congress to levy a tax upon the income of individuals without any reduction for the portion of the income which would generate a tax to be used to carry on a war in Viet Nam. It is clear from the facts in Autenrieth v. Cullen,supra, that the income which was being taxed was the salaries and wages of the taxpayers in that case. We therefore hold that the levying of an income tax on the salary received by petitioner for personal services is not unconstitutional for any reason and does not violate due process of law. Section 61(a) of the Internal Revenue Code of 1954 defines gross income to mean "all income from whatever source derived, including * * * (1) compensation for services, * * *". This definition of gross income is comparable to the definition contained in section 22(a) of the Internal Revenue Code of 1939. This broad definition of income has been uniformly held by the courts to include amounts received by an individual for personal services. Contrary to petitioner's contention, payment for personal services has in a number of cases been referred to as "gain". Also, as explained by the Court in Commissioner v. Glenshaw Glass Company,348 U.S. 426, 430-431 (1955), *70 the definition of income in Eisner v. Macomber,supra, was in the context of determining whether the distribution of a corporate stock dividend constituted a realized gain to a shareholder or merely a change in the form of his capital. Eisner v. Macomber,supra, was not meant to provide "a touchstone to all future gross income questions." Since neither of the bases assigned by petitioner for challenging respondent's determination of a deficiency or as grounds for his claim for refund are valid, we hold that respondent's Motion for Summary Judgment is well taken and respondent's Motion will be granted. An appropriate order and decision will be entered.
Footnotes
1. Petitioner on his return claimed a standard deduction of $2,524 although his return was filed as a single person (box 1 on the return). Line 44b of the tax computation on the 1040 form for 1976 states in part: "If you checked the box on line… 1 or 4, enter the greater of $1, 700 OR 16↩% of line 43--but not more than $2,400." The $43 deficiency determined by respondent resulted from substituting a standard deduction of $2,400 for the $2,524 standard deduction claimed by petitioner.At the trial petitioner conceded the proper amount of standard deduction which should have been claimed on his return as filed was $2,400.