JOHN A. GRIMES AND MARILYN C. GRIMES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Grimes v. Commissioner
Docket No. 13634-78.
United States Tax Court
T.C. Memo 1979-514; 1979 Tax Ct. Memo LEXIS 16; 39 T.C.M. (CCH) 777; T.C.M. (RIA) 79514; December 26, 1979, Filed John A. Grimes, pro se. Karen Nicholson Sommers, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: Respondent determined a deficiency of $3,353 in petitioners' Federal income tax for 1976 and an addition to tax of $168 under section 6653(a). [1]
On September 17, 1979, respondent filed a motion for summary judgment. Petitioners filed *17 a response on October 12, 1979, objecting to the motion on various alleged constitutional grounds and others. Arguments on the motion for summary judgment were heard on November 5, 1979, at the San Diego Trial Session. By leave of Court the petitioners filed on November 26, 1979, a memorandum of points and authorities asserting their rights under the First Amendment to the Constitution and stating their views as to what constitutes taxable income. The facts are relatively simple. Petitioners were legal residents of El CajonCalifornia, when they filed their petition in this case. On or before April 15, 1977, they filed a joint Federal income tax return for the taxable year 1976 with the Internal Revenue Service Center at Fresno, California. On that return the petitioner John A. Grimes reported that he received wages of $23,282.38. The Form W-2 attached to the return shows that the petitioner received wages in that amount from the Owl Electric Company and that Federal income taxes were withheld in the amount of $4,408.06. However, on an amended return filed May 26, 1977, petitioners reported that they received no taxable income and stated that "income listed on Form 1040 for *18 year 1976 included, in error, accounts receivable." In his statutory notice of deficiency dated September 22, 1978, the respondent determined that the petitioners' adjusted gross income for 1976 was $23,127 as reported on their original return. Respondent also disallowed for lack of substantiation deductions of $4,234 claimed as charitable contributions on the petitioners' original return. Respondent has conceded that petitioners have substantiated and are entitled to a deduction for charitable contributions in the total amount of $5,539. On or about March 25, 1979, petitioner John A. Grimes submitted an affidavit to the Internal Revenue Service admitting that he had been informed by numerous sources, including the Internal Revenue Service, that he has a duty to file income tax returns, report wages as income thereon and pay income taxes on his wages. Petitioner cites several cases which he contends support his position that a Federal income tax is an excise tax and as an excise tax cannot be applicable to wages or salary for personal services. In support of his contention, petitioner relies on the following definition of income in Eisner v. Macomber, 252 U.S. 189, 207 (1920):
*19 "Income may be defined as the gain derived from capital, from labor, or from both combined," provided it be understood to include profit gained through a sale or conversion of capital assets, * * *. He cites a number of cases quoting the above statement from Eisner v. Macomber,supra, and he argues that the wages he received from personal services are not a gain from capital or labor since the gain from labor contemplated by the Supreme Court refers to the gain or profit derived from contracting the services or labors of employees. Soon after the promulgation of the Sixteenth Amendment to the Constitution various challenges to the income tax laws were raised on constitutional grounds. The Supreme Court held that the income tax law enacted in 1913 following the adoption of the Sixteenth Amendment was constitutional. This law levied taxes on salaries and wages received by individuals as well as taxing other income items of both corporations and individuals. Brushaber v. Union Pacific R.R. Co.,240 U.S. 1 (1916); Tyee Realty Co. v. Anderson, 240 U.S. 115 (1916). In the recent case of Autenrieth v. Cullen, 418 F.2d 586 (9th Cir. 1969), *20 the Court of Appeals upheld the right of Congress to levy a tax upon the income of individuals without any reduction for the portion of the income which would generate a tax to be used to carry on a war in Viet Nam. It is clear from the facts in Autenrieth v. Cullen, Supra, that the income which was being taxed was the salaries and wages of the taxpayers in that case. Here we hold that the levying of an income tax on the salary received by petitioner for personal services is not unconstitutional for any reason and does not violate due process of law. Section 61(a) of the Code defines gross income to mean "all income from whatever source derived, including * * * (1) Compensation for services, * * *." This definition of gross income is comparable to the definition contained in section 22(a) of the Internal Revenue Code of 1939. This broad definition of income has been uniformly held by the courts to include amounts received by an individual for personal services. Contrary to petitioner's contention, payment for personal services has in a number of cases been referred to as "gain." Also, as explained by the Supreme Court in Commissioner v. Glenshaw Glass Company, 348 U.S. 426, 430-431 (1955), *21 the definition of income in Eisner v. Macomber, supra, was in the context of determining whether the distribution of a corporate stock dividend constituted a realized gain to a shareholder or merely a change in the form of his capital. Eisner v. Macomber, supra, was not meant to provide "a touchstone to all future gross income questions." Petitioners rely on the First Amendment to the Constitution in their memorandum of points and authorities. The income tax does not interfere with ptitioners' First Amendment right to exercise their religion. Autenrieth v. Cullen, supra at 588-589. Nor does it matter that the petitioners have "never voluntarily submitted to the jurisdiction of the Law Merchant." Their argument that "the IRS form 1040 is in reality a negotiable instrument" is frivolous and meritless. It is clear that respondent's determination was not arbitrary and did not violate the petitioners' Fourth and Fifth Amendment rights. See Roberts v. Commissioner, 62 T.C. 834 (1974); Cupp v. Commissioner, 65 T.C. 68 (1975), affd. 559 F.2d 1207 (3d Cir. 1977). And, finally, *22 the petitioners' claim that the Federal income tax places them in a position of involuntary servitude in contravention of the Thirteenth Amendment is unsubstantial and without merit. Porth v. Brodrick, 214 F.2d 925 (10th Cir. 1954). Petitioners' failure to report income from wages on their amended Federal income tax return for 1976 was due to intentional disregard of rules and regulations. We hold that they are liable for the addition to tax under section 6653(a). Accordingly, the respondent's motion for summary judgment will be granted, and Decision will be entered under Rule 155. Footnotes
1. Al statutory references are to the Internal Revenue Code of 1954, as amended and in effect fr the year in issue, unless otherwise indicated.↩