THOMAS H. HANSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hanson v. Commissioner
Docket No. 11783-78.
United States Tax Court
T.C. Memo 1980-197; 1980 Tax Ct. Memo LEXIS 388; 40 T.C.M. (CCH) 442; T.C.M. (RIA) 80197; June 5, 1980, Filed Thomas H. Hanson, pro se. John D. Moats, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined the following deficiencies in petitioner's Federal income tax and additions to tax: Additions to Tax Year
Deficiency
Sec. 6651(a) [1] Sec. 6653(a)
1974
$9,279.43
$2,319.85
$463.97
1976
327.02
81.75
16.35
*389 The deficiencies are based upon respondent's reconstruction of petitioner's income for 1974 and 1976. The issues are whether respondent had correctly determined the amounts of petitioner's taxable income for those years, and whether petitioner is liable for additions to tax for failure to file returns and for negligence or intentional disregard of rules and regulations. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner, Thomas H. Hanson, resided in Fort Collins, Colo., at the time of filing his petition herein. Petitioner filed no Federal income tax returns for the years 1974, 1975, and 1976. During 1974 and 1975 petitioner was self-employed in the Fort Collins area, and during 1976 he worked for Mister Pawn Shop in Fort Collins. Respondent's reconstruction of petitioner's income for 1974 is based upon an income statement filed by petitioner in support of a loan application. The income statement shows gross income of $11,306 for the first 4-1/2 months of 1974. It appears from the record that respondent computed *390 petitioner's income for 1976 from Mister Pawn Shop payroll records. Although petitioner appeared at trial, he did not testify and has not provided respondent or this Court with any records for either of these years. OPINION Respondent has reconstructed petitioner's income for 1974 and 1976. Petitioner does not dispute the amounts of income which respondent has computed, nor did he offer any evidence with regard to the additions to tax. Instead, petitioner argues on constitutional grounds that these amounts were not "income" within the meaning of the tax code and that he was not required to file returns to report these amounts. Petitioner argues on brief that wages, derived from a "God given, inalienable right to work," are not constitutionally subject to the Federal income tax. He states: "Income," contrary to popular belief, is NOT a wage, salary, fee, first-time commission, or compensation for any kind of labor * * *. Income is a gain, or profit--nothing more. Petitioner also contends that a tax on compensation for labor is a direct tax required to be apportioned under the Constitution. [2]
*391 Petitioner cites numerous cases which he contends support his position that the Federal income tax is an excise tax which cannot and does not apply to compensation for labor. In support of his contention that such compensation is not "income," petitioner relies on a definition derived from the following language in Eisner v. Macomber,252 U.S. 189, 207 (1920): "Income may be defined as the gain derived from capital, from labor, or from both combined," provided it be understood to include profits gained through sale or conversion of capital assets * * *. Petitioner also cites a number of cases which apply and develop this definition from Eisner v. Macomber. He argues that wages and other compensation for labor are not a gain from capital or labor, because the gain from labor contemplated by the Supreme Court refers to gain derived by labor contractors who contract to provide the services of employees. This argument of petitioner is without merit. Soon after the promulgation of the 16th Amendment to the Constitution, numerous challenges to the income tax laws were raised on constitutional grounds. In the face of these challenges, the Supreme Court *392 upheld the income tax law enacted in 1913, which levied taxes on salaries and wages received by individuals as well as on other income items of both corporations and individuals. Brushaber v. Union Pac. R.R.,240 U.S. 1 (1916); Tyee Realty Co. v. Anderson,240 U.S. 115 (1916). Furthermore, in the more recent case of Autenrieth v. Cullen,418 F.2d 586 (9th Cir. 1969), cert. denied 397 U.S. 1036 (1970), the Court of Appeals for the Ninth Circuit upheld the right of Congress to levy a tax upon the income of individuals without exemption the portion of that income which generated the tax revenues used to carry on the war in Viet Nam. It is clear from the facts in Autenrieth v. Cullen,supra, that the income being taxed was the salaries and wages of the taxpayers in that case. We therefore hold that there is no constitutional impediment against levying an income tax on compensation for petitioner's labor. Section 61(a) of the Code defines gross income to mean "all income from whatever source derived, including * * * compensation for services." This broad definition of income has been uniformly held *393 by the courts to include amounts received by an individual for personal services. Contrary to petitioner's contention, payment for personal services has in a number of cases been referred to as "gain". Also, as explained by the Supreme Court in Commissioner v. Glenshaw Glass Co.,348 U.S. 426, 430-431 (1955), the definition of income in Eisner v. Macomber was in the context of determining whether the distribution of a corporate stock dividend constituted a realized gain to a shareholder or merely a change in the form of his capital. Eisner v. Macomber was not meant to provide "a touchstone to all future gross income questions." Petitioner's second contention is that a tax on wages is a direct tax and cannot be levied without apportionment. However, even without considering whether the tax is a direct tax, petitioner's argument must fail with our determination that "income" subject to tax does include petitioner's wages. It is clear under the terms of the 16th Amendment that no apportionment of the tax is required. [3] See Brushaber v. Union Pac. R.R.,supra, at 18 (1916); Bowers v. Kerbaugh-Empire Co.,271 U.S. 170, 174 (1926). *394 We have held that the income tax on compensation for petitioner's labor is constitutional. Since petitioner, who bears the burden of proof, Rule 142(a), Tax Court Rules of Practice and Procedure, has provided no evidence to challenge respondent's deficiencies, those deficiencies are sustained. Neither did petitioner offer any evidence with regard to the additions to tax. Petitioner's constitutional objections do not constitute reasonable cause for not filing income tax returns, and they also do not relieve him of liability for the negligence penalty. Hatfield v. Commissioner,68 T.C. 895, 898 (1977). Accordingly, respondent's additions to tax are also sustained, and Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect in the years in issue.↩
2. Art. I, sec. 2 of the U.S. Constitution provides in part: direct Taxes shall be apportioned among the several States * * *.↩
3. The 16th Amendment to the U.S. Constitution provides as follows: The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration.↩