MICHAEL E. STONE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stone v. Commissioner
Docket No. 21924-81.
United States Tax Court
T.C. Memo 1983-189; 1983 Tax Ct. Memo LEXIS 596; 45 T.C.M. (CCH) 1230; T.C.M. (RIA) 83189; April 6, 1983. Michael E. Stone, pro se. Sue A. Nelson, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined deficiencies in petitioner's Federal income tax and imposed additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a) n1
Sec. 6653(a)
Sec. 6654(a)
1977
$6,063.44
$1,146.96
$303.17
$150.27
1978
6,364.32
1,591.08
318.22
203.17
*597 The issues for decision are: (1) Whether petitioner had gross income as determined by respondent for the years in issue. (2) Whether petitioner is liable for additions to tax under sections 6651(a), 6653(a), and 6654(a). (3) Whether petitioner is entitled to claim itemized deductions. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner Michael E. Stone resided in New Brighton, Minnesota, when he filed his petition in this case. During 1977, petitioner was employed by Autocon Industries, Inc. In 1977, petitioner had gross income of $19,719.64, consisting of the following items: Item
Amount
Wages (Autocon Industries)
$19,546.83
Interest (State Farm Life Insurance
Company)
18.32
Interest (Midwest Federal)
27.49
State income tax refund
127.00
On July 6, 1977, petitioner filed a Form W-4E (Exemption from Withholding), and consequently, Federal income taxes in the amount of only $1,475.60 were withheld from his wages during 1977. During 1978, petitioner was employed by Control Data Corporation. For 1978, petitioner had gross income of $21,817.92, consisting of the following items: Item
Amount
Wages (Control Data Corporation)
$21,795.00
Interest (State Farm Life Insurance
Company)
22.92
*598 On April 14, 1978, petitioner filed a Form W-4 (Employee's Withholding Allowance Certificate) claiming an exemption from withholding and, as a result thereof, no Federal income taxes were withheld from his wages during such year. For 1977, petitioner filed a Form 1040 (U.S. Individual Income Tax Return) dated April 16, 1978, with the Internal Revenue Service. For 1978, petitioner filed a Form 1040 dated April 14, 1979, with the Internal Revenue Service. The Forms 1040 were signed by petitioner and stated his name, address, social security number, filing status (married filing separately), and exemptions. Petitioner failed to provide any information regarding income and expenses on either return, but simply asserted his privilege against self incrimination under the Fifth Amendment. Attached to the Forms 1040 was a statement that set forth in detail petitioner's Fifth Amendment objections to supplying the requested information. Although the Internal Revenue Service informed petitioner by letters dated June 9, 1978, and June 1, 1979, respectively, that the Forms 1040 that he filed for 1977 and 1978 were not acceptable as Federal income tax returns, he did not file acceptable *599 returns for such years. Petitioner, however, did file acceptable Federal income tax returns with his wife, Merrily A. Stone, for 1974, 1975, and 1976. Such returns fully set forth the requested information with respect to petitioner's income for those years. [2]
In the notice of deficiency, respondent determined that petitioner had gross income of $22,409.25 and $23,036.08, respectively, for 1977 and 1978. He determined that petitioner had income from wages in the amount of $19,546.83 and $21,795.00, respectively, for 1977 and 1978. He determined that petitioner had other income for such years in the amount of $2,862.42 and $1,241.08, respectively, from an analysis of petitioner's bank deposits. A copy of a worksheet prepared by the revenue *600 agent shows that petitioner's other income for 1977 was attributable to unexplained bank deposits in the amounts $127, $19.81, $139.99, and $1,576.12. [3] Each unexplained bank deposit for 1977 was attributable to the following: Explanation of Bank Deposit
Amount
State income tax refund
$127.00
Reimbursement from employer
19.81
Reimbursement from employer
139.99
Loans on two life insurance policies
1,576.12
With respect to the unexplained bank deposits for 1978, $1,100 thereof was attributable to payroll checks that petitioner had cashed and later deposited into his bank account. The remaining amount of the unexplained deposits was attributable to two expense reimbursements that petitioner received from his employer in the amounts of $135.47 and $5.61. *601 On the basis of his determination of petitioner's gross income, respondent in the statutory notice determined deficiencies, using the married filing separate returns tax rate and allowing petitioner one personal exemption, and imposed additions to tax as set forth at the outset of this opinion. OPINION Issue 1: Gross Income
Petitioner maintains that the wages that he earned during the years in issue did not constitute income subject to taxation. In support of his position, petitioner has advanced frivolous constitutional arguments which have been considered and rejected on numerous occasions in the past. It is well settled that wages received in exchange for services rendered constitute income. Brushaber v. Union Pac. R.R.,240 U.S. 1 (1916); Tyee Realty Co. v. Anderson,240 U.S. 115 (1916). [4] Although we believe that petitioner is a sincere and honest man, his views are misguided; his arguments are without merit and must be rejected as such. Petitioner argues, in the alternative, that respondent erred in comuting his gross income for the years in issue. *602 Respondent determined that petitioner had gross income from wages in the amounts of $19,546.83 and $21,795, respectively, for 1977 and 1978. He also determined that petitioner had other income for such years using the bank deposits method of reconstructing income. The bank deposits method of reconstructing income has been approved by this Court. E.g., Estate of Mason v. Commissioner,64 T.C. 651 (1975), affd. 566 F.2d 2 (6th Cir. 1977); Jones v. Commissioner,29 T.C. 601 (1957). Once respondent has determined that bank deposits constitute income, the taxpayer bears the burden of proving that the determination is erroneous. Estate of Mason v. Commissioner,supra at 657. We find that petitioner has met his burden of proof. Petitioner concedes that he earned wages in the amounts determined by respondent for the years in issue, even though he has erroneous argued that such wages were not taxable. He also concedes that he had interest income of $45.81 for 1977, received a state income tax refund of $127 in 1977, and had interest income of $22.95 for 1978. Petitioner's testimony completely explained all of the *603 items which respondent's bank deposits analysis treated as income, establishing that most of those items did not constitute additional income. His explanations are fully reflected in our findings of fact. Petitioner was a forthright and convincing witness. We found him credible and believed his testimony. Under these these circumstances, we hold that petitioner had gross income of $19,719.64 and $21,817.95, respectively, for 1977 and 1978. Issue 2: Additions to Tax
Respondent imposed additions to tax under section 6651(a), section 6653(a), and section 6654(a) against petitioner for each of the years in issue. Section 6651(a) imposes an addition to tax for failure to timely file a return unless the taxpayer shows that such failure was due to reasonable cause and not willful neglect. Section 6653(a) imposes an addition to tax if any part of an underpayment of tax is due to negligence or intentional disregard of rules and regulations. Section 6654(a) imposes an addition to tax for failure to pay estimated tax unless one of the prescribed exceptions applies. Respondent maintains that the Forms 1040 filed by petitioner for 1977 and 1978 did not constitute income tax returns *604 within the meaning of the Internal Revenue Code and, therefore, petitioner failed to timely file returns for the years in issue. We agree. It is clear that the Forms 1040 filed by petitioner for 1977 and 1978 did not contain sufficient information to constitute valid returns for purposes of the Internal Revenue Code. It is well established that a document filed as a return will not constitute a "valid return" unless it contains sufficient information from which respondent can compute and assess a tax liability. Commissioner v. Lane-Wells Co.,321 U.S. 219 (1944); Hatfield v. Commissioner,68 T.C. 895, 898 (1977); Cupp v. Commissioner,65 T.C. 68, 79 (1975), affd. without opinion 559 F.2d 1207 (3d Cir. 1977). A valid return must specifically state the amounts of gross income and deductions and credits claimed. See Sanders v. Commissioner,21 T.C. 1012, 1018 (1954), affd. 225 F.2d 629 (10th Cir. 1955). See also Jarvis v. Commissioner,78 T.C. 646 (1982). In the instant case, the alleged returns filed by petitioner represent blanket refusals to supply any information *605 regarding his income and expenses. Accordingly, we hold that petitioner failed to timely file returns for the years in issue. On the basis of the record herein, we must sustain respondent's imposition of additions to tax under sections 6651(a), 6653(a), and 6654(a). Petitioner had the burden of proving that he was not liable for the additions to tax imposed by respondent. Enoch v. Commissioner,57 T.C. 781, 802 (1972); Rule 142(a), Tax Court Rules of Practice and Procedure. Nevertheless, he failed to produce any evidence to show that the additions to tax were improper. In prior years petitioner had filed valid income tax returns, and he has offered no excuse for his failure to file adequate returns other than his unreasonable, albeit sincere, reliance upon meritless constitutional claims. Furthermore, there is no evidence which even suggests that petitioner is not liable for the additions to tax under sections 6653(a) and 6654(a). Since petitioner failed to meet his burden of proof, we hold for respondent on this issue. Issue 3: Itemized Deductions
Petitioner argues that he is entitled to itemized deductions for real estate taxes and mortgage interest. *606 Respondent, on the other hand, argues that petitioner is not entitled to the claimed itemized deductions for the years in issue because he failed to substantiate the deductions in question and also because he failed to make the election to itemize deductions as is required under section 63(g). Petitioner has not established that he, rather than his wife, paid the expenses he is seeking to deduct. Accordingly, we hold for respondent on this issue and as such do not reach respondent's failure to elect argument. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
2. On or about July 8, 1977, petitioner filed Forms 1040X (Amended U.S. Individual Income Tax Return) for 1974, 1975, and 1976. Such Forms 1040X were similar to the Forms 1040 that petitioner filed for 1977 and 1978 in that they failed to provide any information regarding his income and expenses, but simply claimed the privilege against self incrimination in regard to all information requested with respect to his income for such years.↩
3. The revenue agent's addition of these figures arrived at a sum of $2,862.92. Obviously, the revenue agent's addition of the figures was erroneous, and the total should be $1,862.92. The revenue agent's error is reflected in the notice of deficiency where respondent determined that petitioner had other income for 1977 of $2,862.42. We have disregarded the amount reflected in the notice of deficiency in favor of the correct total in rendering our decision in this case.↩
4. See also Hebrank v. Commissioner,T.C. Memo. 1982-496↩.