STEVEN E. CORNELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cornell v. Commissioner
Docket No. 29837-81.
United States Tax Court
T.C. Memo 1983-370; 1983 Tax Ct. Memo LEXIS 417; 46 T.C.M. (CCH) 555; T.C.M. (RIA) 83370; June 22, 1983. Thomas D. Kershaw, Jr., for the petitioner. John C. Meaney, for the respondent. HAMBLEN
MEMORANDUM OPINION HAMBLEN, Judge: This case is before the Court on respondent's motion for summary judgment filed pursuant to Rule 121. [1] Therein, respondent asks the court to render judgment in his favor on all the issues presented, i.e., that there is a deficiency in petitioner's 1980 income tax as determined by respondent, that such deficiency is subject to an addition under section 6653(a), [2] and that damages should be awarded to the United States in accordance with section 6673. *418 Respondent determined a deficiency in petitioner's 1980 Federal income tax in the amount of $718.00. The sole issue for determination is whether compensation for services received as wages by petitioner is includable in his gross income. All the facts have been stipulated and are found accordingly. The parties represent and agree that all documents necessary to the esolution of this case are before the Court, that there is no disputed fact material to such resolution, and that such resolution essentially is a matter of law. Under these circumstances, respondent's motion for summary judgment is proper. See Rule 121. Petitioner resided in Bly, Oregon, when he filed his 1980 Federal income tax return with the internal Revenue Service Center at Ogden, Utah, and when he timely filed his petition in this case. During the taxable year 1980, petitioner received wages or compensation income in the amounts of $9,495.56 and $993.75 from, respectively, the U.S. Department of Agriculture, New Orleans, Louisiana, and Weyerhaeuser Company, Klamath Falls, Oregon. These amounts were set forth on Forms W-2 attached to petitioner's 1980 Form 1040A, Federal Income Tax Return. Notwithstanding *419 the income designated on the Forms W-2, petitioner reported "zero" on his return as the amount of wages received. However, petitioner attached to his return a schedule entitled "Profit or (Loss) From Compensation for Labor". On this schedule the following entries were made with reference to the amounts shown on the Forms W-2: Employer #1 Weyerhaeuser Co.
Work
Mill Worker
Bly Operation
Bly, Ore. 97622
1. GROSS RECEIPTS. Wages, salaries, tips,
and other employee compensation
993.75
2. CAPITAL VALUE. Value of labor or work
product invested
993.75
3. PROFIT OR (LOSS). Subtract line 2 from
line 1
Zero
Employer #2 U.S. Forest Service
Work
Firefighter
Bly Ranger Dist.
Bly, Ore. 97622
4. GROSS RECEIPTS. Wages, salaries, tips,
and other employee compensation
9,495.56
5. CAPITAL VALUE. Value of labor or work
product invested
9,495.56
6. PROFIT OR (LOSS). Subtract line 5 from
line 4
Zero
Also attached to petitioner's return was a seven-page "affidavit" executed and acknowledged by petitioner. This document related petitioner's position and argument that wages are exempt from taxation as income. In *420 his notice of deficiency, respondent included as gross income all amounts shown on the aforementioned Forms W-2 and informed petitioner that "Compensation received for services including fees, commissions, tips, gratuities, W-2, and similar items are includible in income." For each of the taxable years 1976 through 1979, petitioner executed and filed with the Internal Revenue Service an individual Federal income tax return. [3] Each of those returns included petitioner's compensation and wages as income. In his petition filed in this case, petitioner incorporates the "affidavit" filed with his 1980 return as the basis of his attack on respondent's deficiency determination. The thrust of petitioner's position is one common to so-called "tax protestors"--that wages are not includable in income for Federal income tax purposes. In arguing for the exemption of wages from taxation, petitioner refers to his religious and philosophical principles, citing many judicial opinions, including opinions of both the U.S. Supreme Court and the highest courts of some states, which are totally inappropriate. Petitioner *421 quotes from certain opinions absolutely out of context with the holding of the opinions cited. Finally, petitioner sets forth an abstract theory reduced to formula whereby his labor becomes capital and only the excess of any amount paid to him for his labor, which he designates "gain", is subject to income tax. Not unexpectedly, petitioner concludes there is no gain or profit to himself by his computation under the "formula". Theories of this type have repeatedly been rejected by this and other courts. [4]
Petitioner alleges that respondent "erroneously concluded that petitioner's wages are income within the meaning of the Sixteenth Amendment to the U.S. Constitution, the Internal Revenue Code of 1954 as amended, and case law developed thereunder." The other allegations in the petition are of the same ilk. In arguing along this line, petitioner flies in the face of the established and constant principle that wages or other remuneration received in consideration of services *422 or labor performed are compensation therefor and fully taxable as income under the Sixteenth Amendment. Brushaber v. union Pac. R.R. Co.,240 U.S. 1 (1916); Tyee Realty Co. v. Anderson,240 U.S. 115 (1916); Old Colony Trust Co. v. Commissioner,279 U.S. 716 (1929). The petition in this case contains neither clear and concise assignments of error commited by respondent nor clear and concise statements of facts upon which any such error could be based. See Rules 34(b)(4) and (5). There is a total failure by petitioner to allege any fact or computation to show that respondent's determination was incorrect, and the petitioner, accordingly, cannot meet his burden of proof. Welch v. Helvering,290 U.S. 111 (1933); Rule 142. The petition raised no justiciable issue as to respondent's determination. Petitioner's claim of error is wholly without support, is frivolous and without merit and, as such, cannot stand against respondent's motion for summary judgment. See Knighten v. Commissioner,702 F.2d 59 (5th Cir. 1983). We no longer can or shall idulge petitioners who continue diatribe of this sort with *423 judicial discussion. The kind of dissension presented in the instant case has absolutely no legal significance or standing. See generally McCoy v. Commissioner,76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983); Hatfield v. Commissioner,68 T.C. 895 (1977). Therefore, petitioner's arguments concerning the taxation of his wages are unworthy of further comment on their merits, and respondent's deficiency determination is sustained. Nonetheless, we must consider respondent's imposition of the addition to tax under section 6653(a) and his request for an award of damages under section 6673. Section 6653(a) [5] permits an addition to tax for negligence or intentional disregard of rules and regulations with respect to income or other specified taxes. *424 Petitioner submits that he prepared his return carefully with the objective of expressing a legal viewpoint (i.e. his frivolous protest) and proceeded honestly and completely with all necessary information, "thus avoiding penalties." But petitioner misses the mark because the addition to tax under section 6653(a) is the consequence of either "negligence" or "intentional disregard" of the rules and regulations. Therefore, petitioner's self-serving statement concerning the preparation of his return is not determinative of his libility for the section 6653(a) addition. Greenberg v. Commissioner,73 T.C. 806 (1980). Petitioner's flagrant and intentional disregard of the rules and regulations is obvious on the face of his return itself. While attaching Forms W-2 evidencing wage and compensation income in the amount of $10,489.31, petitioner reported "zero" as total wages and compensation on his return. Petitioner's understanding of the reporting requirement for this income is obvious from the fact that his returns for 1976 through 1979 properly included his wage incomes for those years. Thus, petitioner's 1980 return, considered in context with his prior action *425 and the pertinent provisions of the Code and regulations, evidences his intentional disregard of those provisions. Respondent, accordingly, has carried his burden of proof and we hold that he prevails on this issue. Ritchie v. Commissioner,72 T.C. 126 (1979). [6]
We turn now to respondent's motion that we impose damages here pursuant to section 6673. [7] Petitioner contends he instituted this proceeding "to litigate his legal position, not to delay payment of the tax," asserting that he would gain nothing from delay due to the small amount of the deficiency. As respondent counters, petitioner raised no issue in his petition on which he can prevail as a matter of law. Petitioner, who is represented by counsel, must be charged with knowledge that he could not prevail in view of the long line of controlling adverse precedents applicable to his position. His statements that there was little applicable precedent at the time his petition was filed [8] and that the issues he has raised constitute "good faith argument" are totally selfserving, *426 an obvious attempt to allay the abrasiveness of his actions, and are not accepted. His position is stale and pale. We hold that petitioner knew or should have known that the only effect of commencing this action would be to delay the payment of his proper taxes. See Greenberg v. Commissioner,supra at 815. As long ago as 1977, petitioner was forewarned of the consequences that would ensue from spurious actions such as presented by this case. In Hatfield v. Commissioner,supra at 899, we said: In recent times, this Court has been faced with numerous cases, such as this one, which have been commenced without any legal justification *427 but solely for the purpose of protesting the Federal tax laws. This Court has before it a large number of cases which deserve careful consideration as speedily as possible, and cases of this sort needlessly disrupt our consideration of those genuine controversies. Moreover, by filing cases of this type, the protesters add to the caseload of the Court, which has reached a record size, and such cases increase the expenses of conducting this Court and the operations of the IRS, which expenses must eventually be borne by all of us. We reiterated this admonishment in our opinion in McCoy v. Commissioner,supra at 1029-1030, and added that the time had arrived "when the Court should deal summarily and decisively with such cases without engaging in scholarly discussion of the issues or attempting to soothe the feelings of the petitioners by referring to the supposed 'sincerity' of their wildly espoused positions." Petitioner's protests are misdirected. The time has now passed for further signals, and henceforth we shall act "summarily and decisively" in these matters. "And therefore never send to know for whom the bell tolls; it tolls for thee." [9]
*428 Having no reasonable expectation of receiving a favorable decision, petitioner filed his petition in this case, abusing the process of this Court and wasting its resources. The imposition of section 6673 damages on petitioner under these circumstances, like the section 6653(a) addition to tax above determined, in no way can reimburse this Court or the government of the United States for the cost and expenses which are a consequence of petitioner's unwarranted actions and which ultimately he imposes on all of the responsible citizens "who honestly and fairly participate in our tax collection system. * * *" Sydnes v. Commissioner,74 T.C. 864, 872-873 (1980), affd. 647 F.2d 813 (8th Cir. 1981). Accordingly, we have determined that this proceeding was instituted by petitioner merely for delay and that it is appropriate to impose upon him the maximum damages provided by section 6673, which is $500.00. [10] See generally Wilkinson v. Commissioner,71 T.C. 633 (1979); Greenberg v. Commissioner,supra;Sydnes v. Commissioner,supra;Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982); *429 Knighten v. Commissioner,supra.[11]
Accordingly, we grant respondent's motion for summary judgment in its entirety. To reflect the foregoing, An appropriate order and decision will be entered.
Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended, and in effect for the taxable year in issue. ↩
2. The issue as to the addition to tax under sec. 6653(a) was raised by respondent in his answer and, accordingly, the burden of proof as to this issue is on respondent. Rule 142.↩
3. These returns were filed jointly with petitioner's wife, Suzanne Cornell.↩
4. Knighten v. Commissioner,702 F.2d 59 (5th Cir. 1983); United States v. Buras,633 F.2d 1356 (9th Cir. 1980); Rice v. Commissioner,T.C. Memo. 1982-129↩.
5. Section 6653(a) provides in relevant part: (a) NEGLIGENCE OR INTENTIONAL DISREGARD OF RULES AND REGULATIONS WITH RESPECT TO INCOME, GIFT, OR WINDFALL PROFIT TAXES. -- If any part of any underpayment * * * is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.↩
6. See, also, United States v. Buras,supra;Stamper v. Commissioner,T.C. Memo. 1983-248↩.
7. Section 6673 provides in relevant part: Whenever it appears to the Tax Court that proceedings before it have been instituted by the taxpayer merely for delay, demages in an amount not in excess of $500 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. ↩
8. The petition was filed on December 10, 1981.↩
9. Donne, John, Devotions, XVII.↩
10. In cases commenced after December 31, 1982, the Court may impose damages up to $5,000. See secs. 292(b) and (e)(2), Tax Equity and Fiscal Responsiblity Act of 1982, Pub. L. 97-248, 96 Stat. 574. ↩
11. See also Senesi v. Commissioner,T.C. Memo. 1981-723; Swann v. Commissioner,T.C. Memo. 1981-236↩.