785 F.2d 307
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BRUCE A. BRITT, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 85-1465
 United States Court of Appeals, Sixth Circuit.
 1/15/86
 
 ORDER
 BEFORE: JONES and NELSON, Circuit Judges; and PECK, Senior Circuit Judge.
 
 
 1
 This matter is before the Court upon the appellant's motions to dismiss the appeal and for an injunction pending appeal. The appeal has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record, appellant's motions and the briefs filed by the respective parties, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Bruce Britt is appealing the Tax Court's decision awarding $5,000.00 in damages to the Commissioner pursuant to 26 U.S.C. Sec. 6673 and affirming the Commissioner's deficiency notices for the years 1981 and 1982. The following tax deficiencies along with additions to tax were assessed against the appellant:
 
 
 3
 NOTE: OPINION CONTAINS TABLE OR OTHER DATA THAT IS NOT VIEWABLE
 
 TABLE
 
 4
 Evidently, the appellant failed to enter $37,500 and $38,643 respectively on his tax returns for the years in question. In challenging the deficiency assessments, the appellant argues that he is not a 'taxpayer' under the revenue code and thus not under the jurisdiction of the Internal Revenue Service, that he has never received 'Dollars' subject to tax, that income received through work is not a taxable gain, i.e., money received in return for labor is an 'equal exchange,' and finally that the income tax laws are unconstitutional under the sixteenth amendment. The Tax Court dismissed the action for failure to state a claim.
 
 
 5
 Provisions for a stay in this type of action are set forth in 26 U.S.C. Sec. 7485. The appellant has not complied with the mandate of that statute. Thus, his motion for injunction must be denied.
 
 
 6
 The constitutionality of the income tax laws, pursuant to the sixteenth amendment, is well established. Tyee Realty Company v. Anderson, 240 U.S. 115 (1916). Wages of an individual are clearly taxable as income. Perkins v. C.I.R., 746 F.2d 1187 (6th Cir. 1984). Consequently, the arguments regarding the constitutionality of the income tax laws and the 'equal exchange' theory are frivolous.
 
 
 7
 Likewise, the appellant's argument concerning 'taxpayer' status is without merit. The theory behind this contention is that income tax is an excise tax and may only be levied against a corporation or an enfranchised individual. Since the appellant is neither, he argues no tax is owed. This argument is clearly frivolous. Martin v. C.I.R., 756 F.2d 38 (6th Cir. 1985).
 
 
 8
 The appellant's 'dollar' argument is also without merit. Federal reserve notes constitute legal tender and are taxable. United States v. Schmitz, 542 F.2d 782 (9th Cir. 1976). The federal reserve note is the measure of value in our monetary system. Mathes v. C.I.R., 576 F.2d 70 (5th Cir. 1978).
 
 
 9
 Additionally, it appears the Tax Court did not err in awarding damages pursuant to 26 U.S.C. Sec. 6673. The arguments set forth by the appellant are clearly frivolous as provided in that statute.
 
 
 10
 Finally, appellee requests that sanctions be imposed upon the appellant for bringing this frivolous appeal. See Martin v. CIR, supra at 41. Whether or not to impose sanctions is within the discretion of the Court. In view of the other sanctions and penalties imposed upon the appellant throughout this action, the Court deems it unnecessary to impose sanctions on appeal.
 
 
 11
 Accordingly, it is ORDERED that the motions to dismiss and for an injunction pending appeal be denied and the judgment of the Tax Court be affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.