JAMES J. BOOTH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Booth v. Commissioner
Docket No. 11670-90
United States Tax Court
T.C. Memo 1991-85; 1991 Tax Ct. Memo LEXIS 95; 61 T.C.M. (CCH) 2024; T.C.M. (RIA) 91085; February 28, 1991, Filed *95 An appropriate order and decision will be issued. James J. Booth, pro se. Thomas F. Eagan, for the respondent. HAMBLEN, Judge. HAMBLEN
MEMORANDUM OPINION This matter is before the Court on respondent's motion for summary judgment pursuant to Rule 121. [1] James J. Booth (hereinafter petitioner) filed a cross-motion for summary judgment in his favor. The issues presented are (1) whether petitioner's wages, compensation income, and dividends constitute taxable income to him; (2) whether petitioner is subject to the additions to tax under sections 6651(a)(1), 6653(a), and 6654 for the taxable years 1984 through 1988; and (3) whether petitioner is subject to a penalty under section 6673. Petitioner resided in Sandia Park, New Mexico, when he timely filed the petition in this case. *96 Petitioner did not file individual income tax returns, Forms 1040, for any of the taxable years 1984 through 1988. Petitioner asserts that he has not done so because the IRS "has yet to show" how the "IRC rules and regulations pertain to him." Respondent determined that petitioner failed to include in income wage payments he received in the amounts of $ 4,375, $ 24,039, and $ 27,181 for the taxable years 1984, 1987, and 1988, respectively. These wage payments were reported on Forms W-2 issued to petitioner for each of the taxable years 1984, 1987, and 1988. Respondent further determined that petitioner failed to include in income nonemployee compensation in the amounts of $ 4,059, $ 21,685, and $ 9,794 for the taxable years 1984, 1985, and 1986, respectively. The nonemployee compensation was reported on Forms 1099-MISC and issued to petitioner for each of the taxable years 1984, 1985, and 1986. Finally, respondent determined that petitioner failed to include dividend income of $ 238 for the taxable year 1985. This dividend income was reported on Form 1099-R and issued to petitioner for the taxable year 1985. Petitioner admits receiving the above wages and compensations but *97 contests receiving any gain that he considers taxable. Based on the above understatements of income, respondent issued a notice of deficiency to petitioner on March 9, 1990, and determined deficiencies in petitioner's Federal income tax and additions to tax as follows: [2]
Additions to Tax under Sections
Year
Deficiency
6651(a)(1)
6653(a)
6654
1984
$ 1,133
$   283
$  57
$  36
1985
5,911
1,478
296
339
1986
2,039
510
102
98
1987
3,225
258
161
25
1988
3,903
364
195
76
*98 Respondent also requests that a penalty be imposed under section 6673. The petition in this case does not conform to Rule 34(b) in that it does not contain "clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability." Rule 34(b) further establishes that any issue not raised in the assignment of errors shall be deemed to be conceded. Generally, the determinations made by respondent in his notice of deficiency are presumed correct. The burden is on petitioner to show that those determinations are wrong. Rule 142(a). In the case at hand, petitioner failed to allege any facts to show that respondent's determination was incorrect. Therefore, petitioner has not meet his burden of proof. Welch v. Helvering, 290 U.S. 111, 78 L. Ed. 212, 54 S. Ct. 8 (1933); Rule 142. We find that the petition raised no justiciable issue as to respondent's determination. Petitioner's claims, as stated in his petition, are wholly without support and are frivolous and without merit. Accordingly, they cannot stand against respondent's motion for summary judgment. See Casper *99 v. Commissioner, 805 F.2d 902 (10th Cir. 1986). Since no issue of material fact is at issue, summary judgment under Rule 121(b) is proper and a decision may be rendered as a matter of law. The thrust of petitioner's position is one common to so-called "tax protestors" -- that wages are not includable in income for Federal income tax purposes. Petitioner sets forth an abstract list of quotes and dictionary cites to come to his conclusion that he received no gain when he exchanged his work and effort for monetary remuneration. Rather, petitioner contends that he is being paid for a loss of his time and effort, thereby leaving no "gain" to be recognized for tax purposes. Theories of this type have repeatedly been rejected by this and other courts. Knighten v. Commissioner, 702 F.2d 59 (5th Cir. 1983); United States v. Buras, 633 F.2d 1356 (9th Cir. 1980). [3] Wages and other remuneration received in consideration of services or labor performed are compensation and are fully taxable as income under the Sixteenth Amendment. Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 73 L. Ed. 918, 49 S. Ct. 499 (1929); Tyee Realty Co. v. *100 Anderson, 240 U.S. 115, 60 L. Ed. 554, 36 S. Ct. 281 (1916); Brushaber v. Union Pac. R.R. Co., 240 U.S. 1, 60 L. Ed. 493, 36 S. Ct. 236 (1916). Further, petitioner makes no argument concerning the dividend income he received in 1985. He has failed to meet his burden of proof with respect to the dividend income as well. Therefore, with respect to the underlying deficiencies in each of the years at issue, we find that petitioner is liable for the deficiencies determined by respondent. Respondent imposed additions to tax under sections 6651(a)(1), 6653(a), and 6654 against petitioner for each of the years at issue. Respondent further requests that a penalty be imposed against petitioner under section 6673 asserting petitioner's position is frivolous and groundless. Section 6651(a)(1) imposes an addition to tax for failure to timely file a return unless the taxpayer shows that such failure was due to reasonable cause and not willful neglect. Section 6653(a) imposes an addition *101 to tax if any part of an underpayment of tax in a taxable year is due to negligence or intentional disregard of rules and regulations. Section 6654(a) imposes an addition to tax for failure to pay estimated tax unless one of the prescribed exceptions applies. Petitioner did not file tax returns in a timely manner, or in any other manner, for the taxable years before us. Therefore, petitioner is subject to the additions to tax as determined by respondent under section 6651(a)(1) for each of the taxable years at issue. On the basis of the record herein, we must also sustain respondent's imposition of additions to tax under sections 6653(a) [4] and 6654. Petitioner has the burden of proving that he was not liable for the additions to tax imposed by respondent. Enoch v. Commissioner, 57 T.C. 781, 802 (1972); Rule 142(a). Nevertheless, petitioner failed to produce any evidence to show that the additions to tax were improper. Instead, petitioner relied solely on meritless constitutional claims. Further, we find that petitioner failed to make any reasonable attempt to comply with the rules and regulations of this title. We further find that petitioner failed *102 to pay estimated taxes as required by section 6654 and that none of the exceptions found in section 6654(e) applies. Therefore, petitioner is subject to the additions to tax, as determined by respondent under sections 6653(a) and 6654 for each of the taxable years at issue. After reviewing the entire record before us, we also sustain respondent's request for a penalty under section 6673(a)(1). The record is clear that petitioner's frivolous and groundless constitutional arguments and petition justify the imposition of a penalty against him. Petitioner's adamant and time-worn plethora of tax protester rhetoric has diverted the time and resources of the Court away from legitimate disputes between taxpayers and respondent. Petitioner's egregious abuse of the Court's process must not be tolerated. The amount of the penalty to be imposed is within this *103 Court's discretionary power up to a certain limit. We require the petitioner to pay a penalty to the United States in the amount of $ 7,500. We have reviewed petitioner's other arguments and find them wholly spurious and totally without merit. Based on the foregoing, respondent's motion for summary judgment is granted and petitioner's motion for summary judgment is denied. An appropriate order and decision will be entered. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the taxable years at issue.↩
2. In addition to those listed, respondent determined a further addition to tax for each of the taxable years 1984 through 1987. Pursuant to secs. 6653(a)(2) and 6653(a)(1)(B), respondent determined an addition to tax for negligence equal to 50 percent of the interest that is computed on the portion of petitioner's underpayment which is attributable to negligence or intentional disregard of rules and regulations. The amount attributable to negligence or intentional disregard of rules and regulations is $ 1,133, $ 5,911, $ 2,039, and $ 3,225 for the taxable years 1984, 1985, 1986, and 1987, respectively.↩
3. See also Rice v. Commissioner, T.C. Memo 1982-129↩.
4. In sustaining the additions to tax under sec. 6653(a), we also sustain the additions to tax under secs. 6653(a)(2) and 6653(a)(1)(B), as described herein, supra↩.