Leslie E. KNIGHTEN,
Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 82–4342
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 17, 1983.

Rehearing and Rehearing En Banc Denied May 26, 1983.

Opinion on rehearing, 5th Cir., 705 F.2d 777.

Leslie E. Knighten, pro se.

Glenn L. Archer, Jr., Michael L. Paup, Gary R. Allen, Daniel F. Ross, Asst. Atty. Gen., Tax Div., Dept. of Justice, John H. Menzel, Director, Tax Lit. Div., Washington, D.C., for respondent-appellee.

Before GEE, RANDALL and TATE, Circuit Judges.

PER CURIAM:

The petitioner, Leslie E. Knighten, appeals from the Tax Court's grant of summary judgment in favor of the respondent Commissioner. For the reasons set forth below, we affirm and assess double costs against Knighten.

For each of the years 1975–79, Knighten filed a Form 1040 that was signed but oth-

erwise blank. The Commissioner assessed deficiencies for those years, based on Knighten's income and average deductions for a taxpayer with that income. Knighten elected to contest the deficiency notice in the Tax Court.

■ The Tax Court found that Knighten had failed to file tax returns for the years in question (blank Forms 1040 not being sufficient). The court rejected Knighten's legal arguments as frivolous, and found that he had failed to show the existence of any factual issue. The court therefore granted the Commissioner's motion for summary judgment for the assessed deficiencies and penalties. It is difficult to determine precisely what points Knighten is attempting to raise on appeal, but our reading of his pro se brief reveals four general arguments.[1] We will address each in turn.

■ The Tax Court understood one of Knighten's arguments to be that his wages were not income. On appeal, he avers that the Tax Court misunderstood the issue: the argument was that only "gain" is taxable, and the Commissioner's deficiency assessment did not accurately reflect Knighten's "gain". The problem with this argument is that the burden of proving any inaccuracy in the Commissioner's assessment was on Knighten. *Holland v. United States,* 348 U.S. 121, 126, 75 S.Ct. 127, 130–31, 99 L.Ed. 150 (1954); *Toledano v. Commissioner,* 362 F.2d 243 (5th Cir.1966). Knighten has not even attempted to carry that burden: he has failed to allege any fact or legal theory that would tend to show that the computation was incorrect. His unsupported claim of error was not enough to withstand a motion for summary judgment.

Knighten next alleges that the tax laws are unconstitutional for three reasons. The first is that Congress spends money for purposes other than defense and the general welfare. He totally fails to indicate

---

1. In his reply brief, Knighten raises an entirely new contention—that the Tax Court is improperly constituted, since its judges do not enjoy the protections set forth in Article III of the Constitution. It is impermissible to mention an issue for the first time in a reply brief, because the appellee then has no opportunity to re-

spond. *Ellingson v. Burlington Northern, Inc.,* 653 F.2d 1327, 1332 (9th Cir.1981); 16 C. Wright, A. Miller, E. Cooper & E. Gressman, *Federal Practice and Procedure* § 3974 at 428 (1977); 9 J. Moore & B. Ward, *Moore's Federal Practice* ¶ 228.02[2.—3] (1982). We therefore will not address this issue.

what expenditures he believes are for such other purposes, and thus he does not even establish the premise for this argument.

Next, he claims that the IRS suffers from a "conflict of interest," which he apparently believes either causes or results from the alleged fact that individuals pay more taxes than corporations do. Tax rates and allowable deductions are, of course, set by Congress, not the IRS; we totally fail to understand how differentials in tax payments could cause or result from a conflict of interest of an entity that does not create the differentials and does not pay taxes.

Knighten's final constitutional argument is a vague one: that the "imbalance of power" between an individual and the IRS violates some unspecified provision of the Constitution. Again, he fails to allege any facts to support this argument, and we find no merit in it.

■ The Tax Court assessed penalties against Knighten for failing to file returns for the years in question. He maintains that the signed but otherwise blank Forms 1040 he filed should count as returns. It is well established in this circuit, however, that the submission of a "return" from which tax liability cannot be computed does not satisfy the statutory obligation to file. *United States v. Smith,* 618 F.2d 280 (5th Cir.), *cert. denied,* 449 U.S. 868, 101 S.Ct. 203, 66 L.Ed.2d 87 (1980); *United States v. Radue,* 486 F.2d 220 (5th Cir.1973), *cert. denied,* 416 U.S. 908, 94 S.Ct. 1615, 40 L.Ed.2d 113 (1974). The Tax Court properly assessed penalties for Knighten's failure to file.

■ Knighten's final argument is another constitutional one: that the summary judgment procedure employed here violated his rights to due process and equal protection. The equal protection claim is not even supported by an allegation that others similarly situated have been treated differently, and is thus frivolous. Knighten's due process contention appears to be that he was entitled to a hearing to present his arguments. Since he has never alleged any facts at all, and his legal arguments were all clearly without merit, he has failed to demonstrate that there is any issue the resolution of which could possibly be affected by a hearing; thus, there is simply no point in having one. The Constitution does not require such futile exercises.

Knighten alleges that the Tax Court petition form restrained him from making his defenses. This contention is specious. The petition clearly permits, indeed requires, the allegation of all bases for contesting the deficiency notice. The letter which Knighten sought to incorporate into the petition by reference adds no facts or new legal arguments. He was in no way prevented from making a case; he was merely unable to make one.

■ The Commissioner has asked that we impose sanctions against Knighten under Federal Rule of Appellate Procedure 38 for prosecuting a frivolous appeal. We warned, in *Lonsdale v. Commissioner,* 661 F.2d 71 (5th Cir.1981), that tax litigants who raised meritless contentions would not be protected from rule 38 sanctions merely by virtue of their pro se status. We think this case is an appropriate one for such a penalty, and we therefore assess double costs against Knighten.

We find that all of Knighten's contentions are frivolous. We therefore AFFIRM the judgment of the district court. Knighten shall bear double costs.