DELBERT WADSWORTH AND BARBARA WADSWORTH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wadsworth v. Commissioner
Docket No. 16143-82.
United States Tax Court
T.C. Memo 1983-438; 1983 Tax Ct. Memo LEXIS 342; 46 T.C.M. (CCH) 858; T.C.M. (RIA) 83438; July 27, 1983. Delbert Wadsworth and Barbara Wadsworth, pro se. Ralph W. Jones, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Chief Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of considering and *343 ruling on respondent's Motion for Summary Judgment filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion for Summary Judgment, filed pursuant to Rule 121, Tax Court Rules of Practice and Procedure, [2] on March 17, 1983. Respondent, in an individual notice of deficiency issued to each petitioner on April 2, 1982, determined deficiencies in each petitioner's Federal income tax and additions to the tax for the taxable calendar years 1975 to 1980, inclusive, in the following respective amounts: DELBERT WADSWORTH [3]
Additions to Tax, I.R.C. 1954
Years
Income Tax [4]
Sec. 6653(b) [5]
Sec. 6654
1975
$5,141.50
$2,570.75
$221.80
1976
4,461.70
2,230.85
166.24
1977
3,017.50
1,508.75
107.60
1978
2,722.70
1,361.35
86.91
1979
4,861.90
2,425.95
201.12
1980
5,299.90
2,649.95
338.38
*344 BARBARA WADSWORTH
Additions to Tax, I.R.C. 1954
Years
Income Tax
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654
1975
$4,027.60
$1,006.90
$201.38
$173.75
1976
3,253.00
813.25
162.65
117.44
1977
1,714.00
428.50
85.70
61.12
1978
1,289.00
322.25
64.45
41.14
1979
2,997.00
749.25
149.85
124.33
1980
3,202.00
800.50
160.10
204.08
During each year before the Court petitioners were residents of the State of Idaho, a community property State. The only adjustments to income determined by respondent in his deficiency notices are for gross income received from Del's Fastener Service in each year and wage income received by Mrs. Wadsworth *345 in 1979 and 1980. One-half of the foregoing income, in accord with Idaho Community Property laws, has been allocated to each petitioner in their respective deficiency notice. The procedural sequence of events resulting in this case began with the issuance of the notices of deficiency on April 2, 1982. A joint petition was timely mailed on June 30, 1982 and, thus, timely filed. [6] At paragraphs 4 and 5 of their petition filed herein on July 6, 1982 petitioners allege-- 4. The determination of tax set forth in the said notice of deficiency is based upon the following errors: A. The amount allowed by the Commissioner for lawful deductions and expenses is incorrect. 5. The facts upon which the Petitioners rely, as the basis of their case, are as follows: A. Petitioners had more lawful deductions and expenses than what was allowed by the Commissioner. B. That Petitioners have validly claimed their right against self-incrimination as grounds for refusing to produce the financial information demanded of them by the Internal Revenue Service. C. That Petitioners have not been granted immunity, as provided for in U.S.C. Title 18 Section 6004, in exchange for the information *346 sought by Internal Revenue Service. D. That Petitioner cannot, in the absence of a grant of immunity, submit financial information sufficient to refute Respondent's determination of deficiency against them without it tending to incriminate them. Petitioner has been charged with fraud. E. That, in the instant case, if the Respondent's determination of deficiency against Petitioners is sustained by the Court, on the grounds that Petitioners failed to supply evidence to refute it, such would constitute unlawful coercion, compulsion, and infliction of penalties to compel potentially incriminating information which has not been immunized. [7]
Respondent filed his answer on August 30, 1982 in which he denied the allegations of paragraph 4.A. of the petition and all of the allegations contained in each subparagraph of paragraph 5. At paragraph 7 of his answer respondent affirmatively pleaded as to the income tax deficiencies and all of the additions to the tax. Since petitioners filed no reply, respondent, on November 5, 1982, filed a Motion for Entry of Order that Undenied Allegations in Answer *347 be Deemed Admitted. On November 9, 1982 the Court served a copy of respondent's motion on petitioners together with a Notice calendaring respondent's motion for hearing at Washington, D.C. on December 1, 1982. When the case was called from the calendar on December 1, 1982, no appearance was made by or on behalf of petitioners and no reply had been filed. After the hearing, the Court by Order dated December 1, 1982 granted respondent's motion and deemed admitted for purposes of this case the undenied affirmative allegations of fact contained in paragraphs 7.(a) through (q) of respondent's answer. On promulgation of our Order the pleadings herein were closed. See Rules 34, 36, 37, 38, and 121. On March 17, 1983, respondent filed his motion herein under consideration. A copy thereof together with a copy of the Court's Notice of Filing, giving petitioners until April 28, 1983 in which to file an objection to respondent's motion, were served on petitioners by the Court on March 23, 1983. Petitioners filed an Objection on May 2, 1983, which we find to be totally without merit. The following findings of fact are based on the record as a whole, allegations of respondent's answer *348 admitting allegations in the petition and those facts in respondent's answer deemed admitted by our December 1, 1982 Order. FINDINGS OF FACT Petitioners resided at 3245 Dal Avenue, Idaho Falls, Idaho on the date their petition was filed. They filed no Federal income tax returns for the years 1975 through 1980. During each of the years 1975 through 1980 petitioner was self-employed, operating Del's Fastener Service ("Del's"), which sold fasteners and hardware. His principal place of business, at which his books and records were maintained, was situate in Idaho Falls, Idaho. During each of the years 1975 through 1980, petitioner derived net income from Del's in the respective amounts of $34,703.05, $31,111.55, $21,527.89, $18,216.36, $30,853.35 and $32,300.88. His taxable portion of the net income, after community property allocation, for each of the years 1975 through 1980 was $17,351.53, $15,551.78, $10,763,91, $9,108.18, $15,426.68 and $16,150.44, respectively. During each of the years 1979 and 1980 Mrs. Wadsworth was employed and received wages in the respective amounts of $401.62 and $176.40, one-half of which was allocated to each petitioner. In addition, one-half *349 of the net income received from Del's was allocated to Mrs. Wadsworth. During each of the taxable years 1975 through 1980, petitioner failed to maintain, or to submit for examination by the respondent, complete and adequate books of account and records of his income-producing activities as required by the applicable provisions of the Internal Revenue Code of 1954 and the regulations issued thereunder. Respondent's agents caused summonses to be issued to petitioners to obtain petitioner's books and records. Petitioner appeared in response to the summons but failed and refused to make any records that he maintained available to agents of the respondent and refused to answer any questions. Because of petitioner's refusal to cooperate, agents of the respondent caused summonses to be issued to financial institutions to attempt reconstruction of petitioner's income. Following an unsuccessful attempt by petitioner to prevent Court-ordered compliance with the summonses, agents of respondent secured certain personal bank records of petitioner that were reviewed. During that review agents discovered Del's business account; the business account records were also summoned, and following *350 unsuccessful intervention by petitioner, examined and analyzed. Based on the agent's analysis, customers of petitioner were identified, contacted and requested to produce checks and invoices relating to purchases from petitioner. The agents also secured copies of reports provided by petitioner to the State of Idaho, Department of Revenue, reporting taxable sales. Upon evaluation of the available bank records, the responses by petitioner's customers and the Idaho sales tax data, it was determined that petitioner did not deposit all of his sales receipts into either of his bank accounts. Respondent's agents then calculated petitioner's sales receipts for each of the years 1975 through 1979 by dividing the known total deposits into petitioner's accounts by the percentage of receipts deposited. The percentage of receipts deposited was determined based upon the responses of petitioner's customers. Petitioner ceased depositing customers' checks into his accounts in 1979, and no deposits to the accounts were made during 1980. Respondent's agents were compelled to estimate petitioner's income for 1980 by averaging petitioner's income for the preceding 5 years and then multiplying *351 by 110 percent to correct for inflation. Petitioner filed U.S. Individual income tax returns for years preceding 1975 and reported the Form W-2 wage income he received. On Schedule C attached to the 1974 joint return, he reported the gross receipts he derived from Del's in the amount of $30,692.00 and a net profit of $8,777. Petitioner failed and refused to file income tax returns for each of the years 1975 through 1980 and to pay any of the tax liability due from him for said years. His failure to file income tax returns for those years was due to fraud with intent to evade tax. Petitioner's failure to maintain complete and accurate records of his income-producing activities and his failure and refusal to produce complete and accurate records and to provide information to respondent in connection with respondent's attempt to determine petitioner's correct taxable income for each of the years 1975 through 1980 were due to fraud with intent to evade tax.He fraudulently and with intent to evade tax omitted from income tax returns for the taxable years 1975 through 1980 his allocable share of the taxable community income in the respective amounts of $17,351.53, $15,551.78, $10,763.91, *352 $9,108.18, $15,627.49, and $16,238.64. Petitioner failed to report and pay his income tax liabilities for each of the years 1975 through 1980 in the respective amounts of $5,141.50, $4,461.70, $3,017.50, $2,722.70, $4,861.90, and $5,299.90. A part of the underpayment of tax which petitioner was required to show on income tax returns filed for those years was due to fraud with intent to evade tax. OPINION Respondent, on the basis of this record, seeks a summary adjudication in his favor respecting the income tax deficiencies and the additions to the tax. Petitioners, on the other hand, while exhorting the Court to deny respondent's motion, regrettably and fatally have totally failed to properly plead their case. Rule 34(b) provides in pertinent part that the petition in a deficiency action shall contain "clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "clear and concise lettered statements of the facts on which petitioner bases the assignments of error * * *". It is abundantly clear, upon review of the petition filed herein, the pertinent *353 parts of which are recited hereinabove, that no justiciable error has been alleged with respect to the Commissioner's determinations respecting the income tax deficiencies and the additions to the tax under sections 6651(a), 6653(a), and 6654(a), and no justiciable facts in support of such error are extant therein. It is equally clear that no justiciable error or facts have been alleged therein respecting respondent's determination of the additions to the tax under section 6653(b). [8] Petitioners stubbornly and adamantly refused to properly plead and process their case in accordance with the Court's Rules of Practice and Procedure and a Notice of the Court, and unfortunately concentrated their attack solely on raising frivolous contentions, which have oft been rejected by this and other Courts and which we answer hereinbelow. [9]
*354 The decision whether to grant immunity rests with the United States, not with the Tax Court. 18 U.S.C. Sections 6000-6005 (1976). McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); [10]Hartman v. Commissioner,65 T.C. 542, 547-548 (1975). To invoke the Fifth Amendment privilege, petitioner must be faced with substantial hazards of self-incrimination that are real and appreciable, and must have reasonable cause to apprehend such danger. The privilege may not itself be used as a method of evading payment of lawful taxes. Edwards v. Commissioner,680 F.2d 1268, 1271 (9th Cir. 1982), affg. per curiam an unreported decision of this Court; McCoy v. Commissioner,supra.[11] There is nothing in this record remotely indicating that petitioner is faced with substantial hazards of self-incrimination or that he has reasonable cause to apprehend such danger. *355 Petitioners claim that they had more lawful deductions and expenses than allowed by the Commissioner must be taken as wholly frivolous. We are not advised as to what the deductions and expenses were or the amounts thereof.As we understand this record petitioner refused to make any records that he maintained available to respondent's agents and he refused to answer any questions. See Martindale v. Commissioner,692 F.2d 764 (9th Cir. 1982), affg. without published opinion an unreported order and decision of this Court. The determinations made by respondent in his notices of deficiency respecting the income tax deficiencies and the additions to the tax under sections 6651(a), 6653(a) and 6654 are presumed correct; the burden is on petitioners (not respondent) to show those determinations are wrong, and the imposition of the burden of proof is constitutional. Welch v. Helvering,290 U.S. 111 (1933); Rockwell v. Commissioner,512 F.2d 882, 887 (9th Cir. 1975); Rule 142(a).Petitioners have not even attempted to carry that burden; they have failed to allege any fact or legal theory that would tend to show that the Commissioner's *356 determinations are incorrect. See Knighten v. Commissioner,702 F.2d 59 (5th Cir. 1983), affg. per curiam an unreported order and decision of this Court. Where a taxpayer refuses to produce his books and records for years under examination when requested to do so and refuses to discuss his tax matters for those years with respondent's agents, the Commissioner may, in his notice of deficiency, make a determination based upon any reasonable method. Holland v. United States,348 U.S. 121 (1954). Here, respondent was compelled to resort to third-party sources to make his determinations and we find the methods he employed reasonable. Finally, we turn our consideration to the additions to the tax under section 6653(b). The burden of proof with respect to the fraud issues is upon respondent to prove, by clear and convincing evidence, that some part of the underpayment of tax was due to fraud with an intent to evade tax. Section 7454(a); Rule 142(b); Imburgia v. Commissioner,22 T.C. 1002 (1954). That burden can be satisfied by respondent through those undenied facts deemed admitted under Rule 37(c). Doncaster v. Commissioner,77 T.C. 334 (1981); *357 Marcus v. Commissioner,70 T.C. 562 (1978), affd. in an unpublished opinion 621 F.2d 439 (5th Cir. 1980); Gilday v. Commissioner,62 T.C. 260 (1974). [12] Here material factual allegations in the answer with respect to fraud with intent to evade tax have been deemed to be admitted by our order of December 1, 1982. In our view, those findings of fact clearly and convincingly establish fraud with intent to evade tax and we rely on them in sustaining respondent's determinations under section 6653(b). Rule 121 provides that a party may move for summary judgment upon all or any part of the legal issues in controversy so long as there are no genuine issues of material fact. *358 Rule 121(b) states that a decision shall be rendered "if the pleadings * * * and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law". The record here contains a complete copy of the notices of deficiency, the petition and the answer, and a copy of petitioners' joint 1974 Federal income tax return. Respondent has amply demonstrated to our satisfaction that there is no genuine issue as to any material fact present in this record and, thus, that respondent is entitled to a decision as a matter of law. In such posture, summary judgment is a proper procedure for disposition of this case. Respondent's Motion for Summary Judgment will be granted in every respect. An appropriate order and decision will be entered.
Footnotes
1. Since this is a pre-trial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Delbert Wadsworth will hereinafter be referred to as petitioner. ↩
4. Petitioner's income tax deficiencies are higher than Mrs. Wadsworth's since respondent determined that a self-employment tax was due from the former for each year at bar. ↩
5. All section references are to the Internal Revenue Code of 1954, as amended. Since no part of the underpayment of tax was due to fraud with intent to evade tax on the part of Barbara Wadsworth such additions to the tax were not determined against her.↩
6. See section 7502. ↩
7. This is the sum and substance of petitioners' case.↩
8. In such circumstance, Rule 34(b)(4) states, in part -- "Any issue not raised in the assignment of errors shall be deemed to be conceded". See Jarvis v. Commissioner,78 T.C. 646, 658 (1982). Moreover, we said in Gordon v. Commissioner,73 T.C. 736, 739 (1980) -- "* * * Any issue, including addition to tax for fraud under section 6653(b), not raised in the assignment of errors is deemed conceded by the petitioner. Rule 34(b)(4)." Notwithstanding, here, we prefer to rely on those matters deemed admitted in sustaining all of respondent's determinations. ↩
9. As we view this record, petitioners are yet others in a seemingly endless parade of tax protesters bent on glutting the docket of this Court with frivolous claims.↩
10. We observe that venue on appeal of this case lies in the United States Court of Appeals for the Ninth Circuit.↩
11. See also, Martindale v. Commissioner,692 F.2d 764 (9th Cir. 1982), affg. without published opinion an unreported order and decision of this Court; United States v. Carlson,617 F.2d 518, 523 (9th Cir. 1980), cert. denied 449 U.S. 1010 (1980); and United States v. Neff,615 F.2d 1235, 1238 (9th Cir. 1980), cert. denied 447 U.S. 925↩ (1980).
12. See Hahn v. Commissioner,T.C. Memo. 1982-717; Cincotti v. Commissioner,T.C. Memo. 1982-657; Van Lancker v. Commissioner,T.C. Memo. 1982-446; Imes v. Commissioner,T.C. Memo. 1982-95; Stouffer v. Commissioner,T.C. Memo. 1982-29; Coastal Shipping Co., Inc. v. Commissioner,T.C. Memo. 1981-382; Burnette v. Commissioner,T.C. Memo, 1981-381↩.