KERMIT F. ISBELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Isbell v. Commissioner
Docket No. 26788-88
United States Tax Court
T.C. Memo 1990-78; 1990 Tax Ct. Memo LEXIS 78; 58 T.C.M. (CCH) 1427; T.C.M. (RIA) 90078; February 20, 1990
Kermit F. Isbell, pro se. Jay M. Erickson, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: This case was assigned to Special Trial Judge Lee M. Galloway pursuant to section 7443A(b)(4) of the Internal Revenue Code of 1986 and Rule 180 et seq. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. *79 OPINION OF THE SPECIAL TRIAL JUDGE GALLOWAY, Special Trial Judge: Before the Court for disposition is Respondent's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted, filed pursuant to Rule 40 on December 5, 1988, with respect to petitioner's 1983 and 1984 tax years. Petitioner filed a notice of objection on January 17, 1989. Respondent mailed notices of deficiency to petitioner on July 11, 1988, with respect to the 1983 and 1984 taxable years. Petitioner was a resident of Kalispell, Montana, when he filed his petition with this Court. In the notices of deficiency, respondent determined deficiencies in petitioner's Federal income tax and additions to tax in the following amounts: Additions To Tax, Secs:
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654(a)
6661
1983
$ 6,557.00
$ 1,639.25
$ 327.85
[1]
$ 468.78
$ 1,639.25
1984
6,473.00
1,618.25
323.65
[1]
406.78
1,618.25
Respondent's determination was based on the following adjustments: (1) petitioner's failure to report *80 on timely filed tax returns wage income received during the years 1983 and 1984; and (2) the additions to tax set forth above. Petitioner has previously been before this Court. In docket No. 26560-86, respondent filed a motion to dismiss for failure to properly prosecute. Respondent's motion was granted and an order of dismissal and decision that income tax was due from petitioner for the year 1980 was entered on July 20, 1988. Subsequently, petitioner filed an appeal with the Ninth Circuit Court of Appeals which was dismissed by that court pursuant to respondent's motion. No useful purpose would be served in extended discussion of petitioner's contentions contained in his petition to this Court under consideration with respect to the 1983 and 1984 taxable years. Cf. Masters v. Commissioner, T.C. Memo. 1989-212, on appeal (9th Cir., August 2, 1989). The allegations in the petition are standard " protestor protester-type" arguments previously made by many taxpayers in prior proceedings before us. For example, petitioner alleges "Petitioner's gross receipts do not constitute taxable income. The Commissioner's agent has imposed a direct tax on gross receipt *81 receipts which is in violation of the United States Constitution." Such contentions have been consistently rejected by this and other courts. See Knighten v. Commissioner, 702 F.2d 59, 60-61 (5th Cir. 1983); McCoy v. Commissioner, 696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); Edwards v. Commissioner, 680 F.2d 1268, 1270 (9th Cir. 1982). Rule 34(b)(4) provides that a petition filed with this Court shall contain clear and concise assignments of each and every error which petitioner alleges to have been committed by respondent in the determination of the deficiency and additions to tax in dispute. Rule 34(b)(5) provides that the petition shall contain clear and concise lettered statements of the facts on which petitioner bases the assignments of error. No justiciable error has been alleged in the petition filed by petitioner. Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. Generally, we may dismiss a petition for failure to state a claim upon respondent's motion when it appears beyond a doubt that the taxpayer can prove no set of *82 facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 4546 (1957); Price v. Moody, 677 F.2d 676, 677 (8th Cir. 1982). The determinations made by respondent in his notice of deficiency are presumed correct. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a). In addition, any issue not raised in the pleadings is deemed conceded. Rule 34(b)(4); Jarvis v. Commissioner, 78 T.C. 646 (1982); Gordon v. Commissioner, 73 T.C. 736, 739 (1980). Since petitioner has not raised any justiciable facts or isues issues in his petition, respondent's motion to dismiss will be granted. See Klein v. Commissioner, 45 T.C. 308 (1965); Goldsmith v. Commissioner, 31 T.C. 56 (1958). We now consider, on our own motion, whether to award damages to respondent under section 6673. Section 6673, as applicable to proceedings commenced after October 22, 1986, provides, in part: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay, that the taxpayer's position *83 in such proceeding is frivolous or groundless, * * * damages in an amount not in excess of $ 5,000 shall be awarded to the United States by the Tax Court in its decision. * * * Further, as to positions taken after December 31, 1989, in proceedings which are pending on or commenced after such date, this Court in its decision may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000. Revenue Reconciliation Act of 1989, Pub. L. 101-239, Act sec. 7731(a). We find that the petition in this case is frivolous and groundless and was filed primarily for delay. Accordingly, we award damages to the United States in the amount of $ 5,000. Coulter v. Commissioner, 82 T.C. 580 (1984); Abrams v. Commissioner, 82 T.C. 403 (1984). An appropriate order and decision will be entered.
Footnotes
1. All subsequent section numbers refer to the Internal Revenue Code in effect for the taxable years in issue. All rule numbers refer to the Tax Court Rules of Practice and Procedure.↩
1. 50 percent of the interest due on the deficiencies for the taxable years 1983 and 1984.↩