T.C. Memo. 1997-440

UNITED STATES TAX COURT

FREDERICK M. FOX, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24822-95.                    Filed September 25, 1997.

Frederick M. Fox, pro se.

<u>Christine V. Olsen</u>, for respondent.


MEMORANDUM OPINION

COLVIN, <u>Judge</u>:  This matter is before the Court on
respondent's motion for summary judgment under Rule 121.[1]  As
discussed below, we will grant respondent's motion.  We will also

---

[1]Rule references are to the Tax Court Rules of Practice and
Procedure.  Section references are to the Internal Revenue Code
as in effect for the years in issue.

impose a penalty against petitioner under section 6673 in the amount of $7,500.

Respondent determined deficiencies in petitioner's income taxes and additions to tax as follows:

| | | Additions to tax | |
|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
| 1989 | $34,925 | $8,731 | $2,362 |
| 1990 | 31,218 | 7,805 | 2,057 |
| 1991 | 40,067 | 10,017 | 2,307 |
| 1992 | 42,552 | 10,638 | 1,858 |

## Background

### A. Petitioner

Petitioner lived in Irvine, California, when he filed the petition in this case.

Petitioner previously petitioned this Court in cases decided at Fox v. Commissioner, T.C. Memo. 1989-232, affd. without published opinion 943 F.2d 55 (9th Cir. 1991) (Fox I); Fox v. Commissioner, T.C. Memo. 1993-37 (Fox II); and Fox v. Commissioner, T.C. Memo. 1993-277, affd. without published opinion 69 F.3d 543 (9th Cir. 1995) (Fox III). Petitioner's positions in the previous cases were frivolous and groundless. In Fox I and Fox III, we awarded penalties to the United States under section 6673 on our own motion.

### B. Petition

In the petition, petitioner contended respondent erred in determining: (1) He was liable for deficiencies and additions to tax; (2) his wages, interest, dividends, capital gains, and

income from stock sales were includable in gross income; (3) he had itemized deductions in the amounts of $31,060, $40,354, and $37,704 for 1989 to 1991, and a standard deduction in the amount of $3,600 for 1992; and (4) he was liable for additions to tax for failure to file returns and failure to pay estimated tax for 1989 to 1992. In the petition, petitioner also contended: (1) Respondent's answers to his inquiries were not courteous or considerate, and (2) respondent violated his rights under the Taxpayer Bill of Rights, subtitle J of the Technical and Miscellaneous Revenue Act of 1988 (TAMRA), Pub. L. 100-647, 102 Stat. 334, and other rights.

The facts upon which petitioner relies in his petition to support these contentions are:

> he was never notified by the District Director that he was required to maintain books and records and file a return in accordance with IRC 6001 and 26 CFR 1. 6001(d);

> * * * the Form 1040 is not associated with nor is it the form required to be used to collect the income tax under IRC Subtitle A, section 1;

> * * * there has been a trespass of jurisdiction on the part of the Commissioner and petitioner squarely challenges the Commissioner's jurisdiction in issuing these notices of deficiency.

Nothing listed by petitioner as facts could possibly justify a holding that respondent's determinations are incorrect.

C.  Respondent's Request for Admissions and Petitioner's
    Responses

On June 5, 1997, respondent served a request for admissions on petitioner under Rule 90.  Respondent's request for admissions and petitioner's responses are as follows:

1.  Petitioner admits that he did not file a U.S. Individual Income Tax Return, Form 1040, for 1989, 1990, 1991 and 1992.

2.  Petitioner admits that from 1989 to 1992 he received: (a) Compensation for services as an airline pilot for American Airlines in the amounts of $149,663, $150,708, $176,719, and $155,171; (b) interest income from the American Airlines Credit Union in the amounts of $521, $147, $409, and $587; and (c) dividend income from various Merrill Lynch accounts in the amounts of $853, $905, $1,075, and $457.  Petitioner denies that this income is taxable.  Petitioner's response also includes the word "jurisdiction" without explanation.  We assume this (and other unexplained references to "jurisdiction" in petitioner's response to respondent's request for admissions) relates to petitioner's contention in his petition that the Commissioner lacked jurisdiction to issue the notices of deficiency.

3.  Petitioner admits that he received:  (a) Capital gain income from various Merrill Lynch accounts totaling $4,754 in 1989; and (b) income of $88 from the sale of stock from Merrill Lynch in 1990, and $2,786 in 1991.  Petitioner denies

that this income is taxable.  Petitioner's responses relating to these items also include without explanation the word "jurisdiction".

4.   Petitioner denies that he resided in California from 1989 to 1992.  Petitioner responded as follows:  "Did not 'reside' as that term is stipulatively used in Amendment 14 to the U.S. Constitution.  Jurisdiction."

Respondent attached several exhibits to the request for admissions and the motion for summary judgment.  The exhibits, and petitioner's responses to respondent's request for admissions, are as follows:

1.   A copy of the notices of deficiency issued to petitioner on:  (a) March 9, 1994, for 1989 to 1991; and (b) September 8, 1994, for 1992.  Petitioner admitted receipt, but denied that he is liable for income taxes.  Petitioner stated "jurisdiction" without explanation.

2.   Copies of several statements or letters from petitioner to respondent.  Petitioner admits.

3.   A copy of a letter from American Airlines to Frederick M. Fox, dated September 2, 1992.  Petitioner admits.

4.    A copy of a notice of bill from Frederick J. Fox dated December 9, 1992.  Petitioner responded "Denies.  Wrong Frederick Fox."[2]

5.    A copy of an affidavit of applicable law and denial of specific liability for Federal income taxes during calendar years 1989-92 from petitioner dated June 9, 1993.  Petitioner admits.

6.    A copy of letters from petitioner dated April 12, 1994. Petitioner admits.

7.    A copy of a document from petitioner entitled "DEMAND for you to PROVE the existence of JURISDICTION at the administrative level" dated June 6, 1994.  Petitioner admits.

8.    A copy of a document from petitioner entitled "BY AFFIDAVIT" dated April 14, 1995.  Petitioner admits.

9.    A copy of a document from petitioner entitled "MEMORANDUM AT LAW BY AFFIDAVIT" dated June 20, 1996.  Petitioner admits.

The statements by and letters and documents from petitioner attached to respondent's motion for summary judgment and request for admissions recite various frivolous tax protester arguments.

### Discussion

A.    Respondent's Motion for Summary Judgment

---

[2]We do not consider this document in deciding whether to grant respondent's motion for summary judgment.

Respondent moved for summary judgment on July 21, 1997, pursuant to Rule 121, on the grounds that there is no genuine issue of material fact for trial.  Petitioner objected and moved to strike respondent's motion for summary judgment on August 13, 1997.

A decision will be rendered on a motion for summary judgment if the pleadings, answers to interrogatories, deposition, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue of material fact and that a decision may be rendered as a matter of law.  Rule 121(b); Southern v. Commissioner, 87 T.C. 49, 51-52 (1986).  The burden of proving that there is no genuine issue of material fact is on the moving party.  Naftel v. Commissioner, 85 T.C. 527, 529 (1985); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982).

Matter admitted under Rule 90 is conclusively established unless the Court on motion permits the admitting party to withdraw or modify the admission.  Rule 90(f).  Petitioner has not asked the Court to withdraw or modify his admissions.

Petitioner admits that he received income in the amount respondent determined.  He admits that he did not file tax returns for the years at issue.  He has alleged no facts in the petition that could warrant a holding that he is not liable for the addition to tax for failure to file returns under section

6651 or failure to pay estimated tax under section 6654, or that respondent's determination relating to his itemized deductions for 1989, 1990, and 1991 and his standard deduction for 1992, was in error. Likewise, he did not contend in his response to respondent's summary judgment motion that any material facts are in dispute relating to respondent's determination. We conclude that his objections to respondent's determinations regarding his deductions and the additions to tax are based solely on the same frivolous contentions on which his entire case is based.

Petitioner asserts that the District Director never notified him that he was required to maintain books and records and file a tax return. The District Director is not required to do so. See sec. 6001. He also frivolously asserts that the Form 1040 is invalid and that respondent lacked jurisdiction to issue the notice of deficiency. In petitioner's objections to respondent's motion for summary judgment, as supplemented, and petitioner's motion to strike respondent's motion, petitioner claims he is not a protester; however, his contentions are merely a rehash of familiar tax protester arguments. See <u>Wilcox v. Commissioner</u>, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225; <u>United States v. Romero</u>, 640 F.2d 1014 (9th Cir. 1981).

Petitioner has not alleged any facts fairly related to respondent's determinations, and he has not raised any issue that could possibly be affected by a hearing. See <u>Knighten v.</u>

<u>Commissioner</u>, 702 F.2d 59 (5th Cir. 1983). In <u>Knighten</u>, the U.S. Court of Appeals for the Fifth Circuit said:

> Since he has never alleged any facts at all, and his legal arguments were clearly without merit, he has failed to demonstrate that there is any issue the resolution of which could possibly be affected by a hearing; thus, there is simply no point in having one. The Consitution does not require such futile exercises. [<u>Id.</u> at 61.]

See also <u>Morrison v. Commissioner</u>, 81 T.C. 644, 651 (1983) (summary judgment proper where taxpayers did not set forth specific facts as required by Rule 121(d)).

We have examined all the materials in the record and construed facts most favorably for petitioner. We conclude that there is no dispute as to any material fact, that petitioner's contentions are frivolous, and that respondent is entitled to summary judgment.

We will deny petitioner's motion to strike respondent's motion for summary judgment filed August 13, 1997, for the same reasons for which we grant respondent's motion for summary judgment.

B. <u>Imposition of a Penalty Under Section 6673</u>

We next decide whether the Court, on its own motion, should award a penalty to the United States under section 6673.

Section 6673 provides that the Court may require the taxpayer to pay a penalty to the United States not in excess of $25,000 when proceedings have been instituted or maintained

primarily for delay, where the taxpayer's position is frivolous or groundless, or where the taxpayer unreasonably fails to pursue administrative remedies. A taxpayer's position is frivolous or groundless if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law. Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); Sicalides v. Commissioner, T.C. Memo. 1989-164.

It is beyond any reasoned dispute that petitioner is subject to Federal income taxation and that his position in his previous cases was frivolous, groundless, and instituted primarily for delay. Fox I, Fox III; see Fox II. Petitioner continues to waste respondent's and the Court's time with stale tax protester arguments. Petitioner's written materials show that he has an ability to twist tax laws to support his frivolous positions. Fox III. We imposed penalties under section 6673 on our own motion in Fox I and Fox III, which were filed before petitioner filed his petition in this case.

We require petitioner to pay a penalty of $7,500 to the United States under section 6673.

<u>An appropriate order will</u>
<u>be issued, and decision will</u>
<u>be entered for respondent</u>.