IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-60079
Summary Calendar
_____

BRIAN HOGAN,

                                        Plaintiff-Appellant,

versus

NOBLES, Officer, Police Officer
at Hattiesburg Police Department, ET AL,

                                        Defendants,

NOBLES, Officer, Police Officer
at Hattiesburg Police Department,

                                        Defendant-Appellee.

              * * * * * * * * * * * * * * * * * * *

BRIAN HOGAN,

                                        Plaintiff-Appellant,

versus

CITY OF HATTIESBURG;
UNKNOWN NOBLES, Officer,

                                        Defendants-Appellees.

              - - - - - - - - - -
        Appeal from the United States District Court
          for the Southern District of Mississippi
                 USDC No. 2:96-CV-20PG
                 USDC No. 2:96-CV-31PG
              - - - - - - - - - -
                   July 14, 1998
Before JOLLY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:[*]

_____

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Brian Hogan, Mississippi prisoner # 67383, proceeding pro se, appeals the judgment in favor of Police Officer Mike Nobles in Hogan's civil rights lawsuit, 42 U.S.C. § 1983.  Hogan's motion for leave to file a supplemental brief is GRANTED.  Appellee's motion in opposition and motion to strike the reply brief are DENIED.

Hogan has not challenged in this court the judgment, dismissing Defendant Police Chief Landers from the case.  Accordingly, Hogan has abandoned that issue.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987)(issues not asserted on appeal are abandoned).

Hogan contends that the magistrate judge erred in denying his motion for appointment of counsel.  A review of the record indicates that the magistrate judge did not abuse his discretion.  Hogan's civil rights case did not present "exceptional circumstances."  Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986).

Hogan contends that the magistrate judge erred in determining that Nobles' version of the facts was correct and in concluding that the force used by Nobles was reasonable under the circumstances.  Resolving factual disputes and making credibility determinations are tasks that fall within the province of the trial court, and this court will not invade that province. Martin v. Thomas, 973 F.2d 449, 453 n.3 (5th Cir. 1992).  The magistrate judge's findings of fact are not clearly erroneous.

See Fed. R. Civ. P. 52(a).  Further, we have reviewed the record and the parties' briefs, and we AFFIRM the decision that the amount of force used was not unreasonable in light of the circumstances for essentially the reasons stated by the magistrate judge.  See Hogan v. Nobles, No. 2:96CV20PG cons/w 2:96CV31PG (S.D. Miss. Feb. 5, 1997); see Graham v. Connor, 490 U.S. 386, 396-97 (1989).

Hogan also contends that the defense witnesses committed perjury and that the magistrate judge should not have considered his conviction for the armed robbery.  Hogan has not sufficiently briefed these arguments.  See Fed. R. App. P. 28(a)(6) (the argument must contain citations to the record and to legal authorities); see Price v. Digital Equip. Corp., 846 F.2d 1026, 1028 (5th Cir. 1988) (arguments must be briefed to be preserved on appeal).

Issues raised by Hogan for the first time in the reply brief are not considered.  See Knighten v. Commissioner, 702 F.2d 59, 60 & n.1 (5th Cir. 1983) (issue may not be raised for the first time in a reply brief, even by a pro se appellant).

Hogan's motions to set aside the judgment, for declaratory judgment, for writ of certiorari, and to strike appellee's brief are DENIED.

AFFIRMED; MOTION TO FILE SUPPLEMENTAL BRIEF GRANTED; APPELLEE'S MOTION IN OPPOSITION AND TO STRIKE REPLY BRIEF DENIED; ALL OTHER MOTIONS DENIED.