IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30383
Conference Calendar

_____

WILLIE POGUE,

                                      Plaintiff-Appellant,

versus

BRIAN BELLO, Warden;
LEO FONTENOT; WAYNE POUCHO,

                                      Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 99-CV-681-C
--------------------
October 25, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

     Willie Pogue, Louisiana inmate # 199791, appeals the
district court's summary judgment in favor of the defendants and
dismissal of his 42 U.S.C. § 1983 complaint for damages.  We
review the district court's summary judgment de novo.  See Deas
v. River West, L.P., 152 F.3d 471, 475 (5th Cir. 1998).

     Pogue argues that the district court erred in dismissing his
failure-to-protect claim because the defendants knew or should
have known of the substantial risk of harm posed by the Cuban

---

     *  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

detainees.  To establish a failure-to-protect claim, an inmate must show that he was "incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection."  Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995).  A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Pogue has not shown that there exists a genuine issue of material fact regarding whether the defendants had the requisite knowledge of a substantial risk of harm.  He has presented no evidence of their alleged awareness, and he has furthermore denied that his attacker ever threatened him with bodily injury prior to the alleged attack.  His argument is therefore without merit.

In his reply brief, Pogue argues for the first time in this appeal that the defendants were deliberately indifferent to his medical needs because they did not take him to the hospital after the alleged stabbing.  This court does not consider issues raised for the first time in a reply brief, even where the appellant is proceeding pro se.  See Knighten v. Comm'r, 702 F.2d 59, 60 n.1 (5th Cir. 1983).

AFFIRMED.