IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40334
Conference Calendar
_____

ROMEL W. TORRES,

                                        Petitioner-Appellant,

versus

ERNEST V. CHANDLER, Warden

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-179
--------------------
December 12, 2002

Before JOLLY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:*

    Romel W. Torres, federal prisoner # 60659-079, appeals from
the denial of his FED. R. CIV. P. 60(b) motion for relief from
judgment following the district court's denial of his 28 U.S.C.
§ 2241 petition.  Torres challenged his 1994 convictions for,
inter alia, participating in a continuing criminal enterprise,
possession of cocaine with intent to distribute, unlawful use of
a communications facility, conspiracy to engage in money
laundering, and money laundering.

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Torres argues that he was convicted and sentenced in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), and that the district court erred in determining that this claim did not meet the requirements of the savings clause. This court has recently held that Apprendi does not apply retroactively to cases on collateral review and that an Apprendi claim does not satisfy the requirements for filing a 28 U.S.C. § 2241 petition under the savings clause. See Wesson v. U.S. Penitentiary Beaumont, TX, 305 F.3d 343, 347-48 (5th Cir. 2002).

We do not consider Torres' argument that he is entitled to relief under Richardson v. United States, 526 U.S. 813 (1999), because it is raised for the first time in his reply brief. See Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994) (scope of reply brief is limited, and appellant abandons all issues not raised and argued in initial brief on appeal); Knighten v. Commissioner, 702 F.2d 59, 60 & n.1 (5th Cir. 1983) (issue may not be raised for first time in reply brief, even by a pro se appellant). The district court's judgment is AFFIRMED.