**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**June 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-41290
Conference Calendar

GEORGE D. FARQUHAR,

Petitioner-Appellant,

versus

N. LEE CONNER, Warden,

Respondent-Appellee.

Consolidated with
No. 02-41411

GEORGE D. FARQUHAR,

Petitioner-Appellant,

versus

N. LEE CONNER,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:01-CV-72
USDC No. 5:01-CV-88
--------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.

George D. Farquhar, federal prisoner # 28074-077, appeals the district court's dismissal of his two 28 U.S.C. § 2241 petitions challenging his convictions for failing to appear for sentencing hearings on prior convictions. Because Farquhar's 28 U.S.C. § 2241 petitions challenged the legality of his convictions, Farquhar had to show that 28 U.S.C. § 2255 provided him with an inadequate or ineffective remedy. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). "[T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which established that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

Farquhar argues that the district court improperly construed his 28 U.S.C. § 2241 petitions as successive 28 U.S.C. § 2255 applications. The record, however, belies Farquhar's claim and shows that the district court properly considered whether Farquhar could bring his claims in 28 U.S.C. § 2241 petitions under the savings clause of 28 U.S.C. § 2255.

Farquhar has also not shown that 28 U.S.C. § 2255 provided him with an ineffective or inadequate remedy. Neither a prior

R. 47.5.4.

unsuccessful 28 U.S.C. § 2255 motion, nor the inability to meet the requirement for bringing a successive 28 U.S.C. § 2255 motion makes 28 U.S.C. § 2255 inadequate or ineffective. <u>Tolliver v. Dobre</u>, 211 F.3d 876, 878 (5th Cir. 2000).

Farquhar further argues that he is actually innocent of willfully failing to appear. Because Farquhar fails to identify any retroactively applicable Supreme Court decisions demonstrating that he was convicted of a non-existent offense, this challenge cannot be brought in a 28 U.S.C. § 2241 petition. See <u>Reyes-Requena</u>, 243 F.3d at 904.

We do not consider Farquhar's argument that an alleged defect in the indictment deprived the trial court of subject matter jurisdiction because it is raised for the first time in his reply brief. See <u>Knighten v. Commissioner</u>, 702 F.2d 59, 60 & n.1 (5th Cir. 1983). Accordingly, the judgments of the district court are AFFIRMED.