# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 7, 2012

No. 12-40053

Lyle W. Cayce
Clerk

SONYA BRISCOE

Plaintiff-Appellant

v.

JEFFERSON COUNTY;
BO ALFRED;
MARIO WATKINS;
KENNETH MINKINS

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
1:11-CV-202

Before WIENER, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Sonya Briscoe appeals the district court's dismissal of her § 1983 complaint alleging deprivations of rights secured by the First and Fourteenth Amendments. Briscoe also asks us to consider whether the district court erred when it denied her motion for leave to amend her complaint and,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40053

subsequently, her motion for reconsideration.  As Briscoe has either waived or failed to preserve each of her claims, we AFFIRM.

## I.  FACTS AND PROCEEDING

Sonya Briscoe alleged that she was fired from her post as an administrative secretary in Jefferson County, Texas's Precinct 4 for expressing concerns about unaccounted-for disappearances of fuel purchased by the County – first to her Precinct 4 superiors, then to county auditors, and finally to an assistant district attorney (ADA).  She also alleged that filing an injury report with human resources and seeking workers compensation for that injury contributed to her termination.  Briscoe sued under 28 U.S.C. § 1983, contending that (1) the retaliation infringed her right to speak freely as a citizen on matters of public concern, and (2) she was deprived of liberty and property interests without due process of law.

Defendants-Appellees are Jefferson County and three Precinct 4 employees (collectively, "Defendants").  In June 2010, they filed a motion under Rule 12(b)(6) to dismiss Briscoe's complaint for failure to state a claim, or, alternatively, to "require [Briscoe] to re-plead under Rule 8(a)(2) . . . ."[1]  The district court granted Defendants' motion in part, dismissing under Rule 12(b)(6) Briscoe's First Amendment claim of retaliation grounded in her *internal* reports of disappearing fuel and her efforts to seek recompense following her injury.  The court also required Briscoe to replead her claims that she was fired (1) in retaliation for her *external* communications, in violation of her First Amendment

---

[1] Briscoe never responded to Defendants' motion, allegedly because her counsel was hospitalized for two weeks in late July following an accident in which he broke his hip.

2

No. 12-40053

rights, and (2) without due process, in deprivation of her Fourteenth Amendment liberty and property interests.[2]

After six weeks passed without Briscoe amending her pleadings as instructed by the district court, it set a deadline for her to do so and warned that her action would be dismissed with prejudice should she fail to comply. That deadline came and went, and when Briscoe attempted to submit her amended complaint two days late, the court denied leave to file it out of time. As it had warned, the court dismissed Briscoe's case with prejudice under Rule 41 and, alternatively, under Rule 12(b)(6), as Briscoe's proposed amended complaint failed to remedy the pleading infirmities identified in the court's earlier order, making further amendment futile. Briscoe filed a motion to reconsider under Rule 59,[3] which the court denied. She now appeals those rulings.

## II.  ANALYSIS

On appeal, Briscoe purports to raise three claims of error by the district court: (1) the dismissal of her claims against Defendants; (2) the denial of her motion for leave to file an amended complaint after the court-imposed deadline had passed; and (3) the denial of her Rule 59 motion. Briscoe listed those claims under the heading "Statement of the Issues" in her opening brief and offered a condensed factual account of her time as a Precinct 4 employee, but she included only two pages of argument, and even then addressed only her First Amendment

---

[2] Although it purported to grant defendants' "Rule 8(a)(2) motion," the court is best understood to have granted a Rule 12(e) motion for a more definite statement. *Cf.* 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1378 (3d ed. 2012) ("In accordance with the basic philosophy of the federal rules, the general attitude of the courts has been that a Rule 12(e) motion need not be filed under a technically correct label for it to be considered as one by the court.").

[3] Briscoe actually moved for a "new trial," which the court recharacterized as a motion to alter or amend a judgment pursuant to Rule 59(e).

claim.[4] An issue not presented in the appellant's opening brief is waived because such failure denies the appellee the opportunity to respond.[5] Briscoe, who is represented by her trial counsel in this appeal, has failed to cite law or present argument in her opening brief to challenge the district court's (1) dismissal of her due process claims, (2) denial of leave to amend, or (3) denial of her Rule 59 motion.[6] Consequently, we shall not consider those claims.

This leaves Briscoe's challenge to the district court's disposition of her First Amendment claims as the sole issue before us on appeal. In it, Briscoe does not assert that communications made "up the chain of command" at Precinct 4 find protection under the First Amendment; rather, she contends that in communicating her concerns about the missing fuel to county auditors and the ADA, she was speaking as a private citizen, not as a public employee.

It is axiomatic that the First Amendment "protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern."[7] To establish a First Amendment retaliation claim based on such speech, a plaintiff must demonstrate that (1) he suffered an adverse employment action; (2) he spoke as a citizen, and not as a public employee, on a matter of public concern; (3) his interest in the speech outweighed the employer's interest

---

[4] Of these two pages, all but two sentences either directly quote an out-of-circuit case or transcribe an unpublished lecture by a law school professor describing that case.

[5] *See United States v. Elashyi*, 554 F.3d 480, 494 n.6 (5th Cir. 2008); *United States v. Pompa*, 434 F.3d 800, 806 n.4 (5th Cir. 2005); *see also Knighten v. Comm'r of Internal Revenue,* 702 F.2d 59, 60 n.1 (5th Cir. 1983) ("It is impermissible to mention an issue for the first time in a reply brief, because the appellee then has no opportunity to respond.").

[6] *See* FED. R. APP. P. 28(a)(9)(A) (appellant's brief must contain "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *Kohler v. Englade*, 470 F.3d 1104, 1114 (5th Cir. 2006) (issue not adequately briefed when it failed to include any legal authority supporting appellant's claim); *L & A Contracting Co. v. S. Concrete Servs., Inc.*, 17 F.3d 106, 113 (5th Cir. 1994) (issue not adequately briefed when no authorities were cited in a one-page argument).

[7] *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006).

in promoting efficiency; and (4) the speech precipitated the adverse employment action.[8]  When considering whether a public employee spoke as a citizen, courts are to ask, as a threshold matter, whether he spoke pursuant to his official duties; if he did, then he was not speaking as a citizen for First Amendment purposes, and his communications were not insulated from employer discipline.[9]  Briscoe contends in her opening brief that she was fired for reporting the missing fuel to county auditors and the district attorney's office – communications that she asserts were in the vein of citizen speech rather than employee grievances.

Regarding her communications with county auditors, Briscoe contends – for the first time on appeal – that the district court erred when it construed those communications as made "up the chain of command" and dismissed the claim accordingly.  Defendants had maintained, in their motion to dismiss, that the speech at issue related to and arose out of Briscoe's employment, which characterization Briscoe did not dispute, either in response to Defendants' motion or in her own Rule 59 motion filed after dismissal.  Having failed to raise this challenge in the district court, Briscoe may not do so on appeal.[10]  But, even if she were permitted to do so, the allegations in her complaint belie her contentions to this court.  Briscoe's district court pleadings state that she worked "closely with county auditors . . . to generate new and accurate [fuel supply] paperwork for the maintenance department."  Whether the auditors were in

---

[8] *Nixon v. City of Houston*, 511 F.3d 494, 497 (5th Cir. 2007).

[9] *Garcetti*, 547 U.S. at 421; *see also Elizondo v. Parks*, 431 F. App'x 299, 303 (5th Cir. 2011) (explaining the Fifth Circuit's test, post-*Garcetti*).

[10] *Stokes v. Emerson Elec. Co.*, 217 F.3d 353, 358 n.19 (5th Cir. 2000) ("Arguments not raised in the district court cannot be asserted for the first time on appeal."); STEPHEN ALAN CHILDRESS & MARTHA S. DAVIS, 1 FEDERAL STANDARDS OF REVIEW § 6.03 (4th ed. 2010) ("[C]ourts have developed the general rule that applicants may not assert facts or theories to the court of appeals that were not urged before the district court."); *see also id.* ("The rule may have its strictest application when the assertion first raised on appeal is factual . . . .").

No. 12-40053

Briscoe's chain of command is not the dispositive consideration in identifying citizen speech protected by the First Amendment.[11]  We conclude from facts stated by Briscoe that she sat down with the auditors as a Precinct 4 employee, bringing to bear her special knowledge of the Precinct's record keeping policies.[12] The district court did not err in concluding that this was unprotected employee speech.[13]

As for Briscoe's letter to the ADA, the district court apparently agreed that it was not written pursuant to official duties.  Briscoe thus survived the threshold inquiry under *Garcetti*.  But at the point where Briscoe ended her analysis, the court continued, considering whether the letter addressed a matter of public concern – a question distinct from whether Briscoe wore the hat of a public servant or of a private citizen when she wrote it.[14]  It is this element of the district court's analysis that Briscoe should have addressed.  As she has failed

---

[11] *See Williams v. Dallas Indep. Sch. Dist.*, 480 F.3d 689, 693 (5th Cir. 2007) (recognizing that the Supreme Court's case law "distinguish[es] between speech that is the kind of activity engaged in by citizens who do not work for the government, and activities undertaken in the course of performing one's job") (internal citation and quotation marks omitted).

[12] *Cf. id*. at 694 (distinguishing case from *Pickering v. Bd. of Educ.*, 391 U.S. 563 (1968), because "[u]nlike Pickering, whose 'position as a teacher in the district did not qualify him to speak with any greater authority than any other taxpayer,' Williams had special knowledge that $200 was raised at a basketball tournament [and he] was also experienced with standard operating procedures for athletic departments.") (internal citation omitted) (quoting *Pickering*, 391 U.S. at 572).

[13] We also are unpersuaded by Briscoe's claim that because she was not *required* to meet with the county auditors, those communications fell outside of her job duties. *See id.* ("Simply because Williams wrote memoranda, which were not demanded of him, does not mean he was not acting within the course of performing his job.").

[14] *See, e.g., Davis v. McKinney*, 518 F.3d 304, 316-317 (5th Cir. 2008) (distinguishing between the citizen-or-employee and public-or-private inquiries, and instructing the district court to consider on remand whether speech that was not job related nevertheless concerned only private matters).

No. 12-40053

to do so in her opening brief on appeal, this claim suffers the same waiver fate as her others.[15]


AFFIRMED.

---

[15] The district court reasoned that, per *Connick v. Myers*, 461 U.S. 138 (1983), whether Briscoe's communications implicated matters of public concern must "be determined by the content, form, and context of a given statement, as revealed by the whole record." *Id.* at 147-48. The court found that for it to be positioned to evaluate the content, form, and context of Briscoe's external communications, she had to "be specific as to when her statement or statements were made, to whom they were made, whether they were oral or written, and the content of those statements."

Whether the court demanded more of Briscoe than was required of her by Rule 8 is a question that we need not resolve, inasmuch as Briscoe's opening brief failed to challenge the district court's interpretation of her pleading burden. Lest there be any doubt, however, we note that Rule 8 requires no more than "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A plaintiff may survive a motion to dismiss by pleading sufficient factual material "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). This is why courts must take care not to recast evidentiary standards as pleading requirements. *See id.* at 586 (Stevens, J., dissenting) ("[I]t should go without saying . . . that a heightened production burden at the summary judgment stage does not translate into a heightened pleading burden at the complaint stage."); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-12 (2002) (holding that a plaintiff who asserted federal employment discrimination claims was not required to plead facts establishing a prima facie case to state a claim for relief, as the prima facie case under *McDonnell Douglas* "is an evidentiary standard, not a pleading requirement"); *cf. Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993) (finding it "impossible to square" the Fifth Circuit's stringent pleading standard in civil rights cases alleging municipal liability under § 1983 with the notice pleading standard in the Federal Rules).